RAILWAY COMPANIES *v.* HENDRICKS, Adm'r.

(*Jackson.*   May 1, 1890.)

1. REMOVAL OF CAUSES.   *Separable controversy.*

Whether a separable controversy exists, such as entitles a non-resident, sued jointly with a resident in a State Court, to removal of the cause to the Federal Court, must be determined solely from the face of the record in the State Court as it appears at time of the filing of petition for removal, without any aid from the averments of the petition or affidavit, unless the petitioner both alleges and proves that his joinder with a resident defendant was wrongful, and done for the fraudulent purpose of preventing such removal.

Case cited and approved:  132 U. S. Rep., 601.

2. SAME.   *Same.*   *Record showing no cause for removal upon its face.*

The record discloses no separable controversy upon its face, which shows a joint suit against two railroads—one resident and the other non-resident—for personal injuries inflicted by their joint negligence.

3. SAME.   *Same.*   *Insufficient cause shown by petition.*

Removal of cause is properly refused by State Court, where the petition averring sufficient cause for removal, is not verified by affidavit, and is fully denied by answer and is not supported by proof.

4. SAME.   *Power and duty of State Court.*

Before granting removal of a cause to the Federal Court, the State Court has the power, and it is its duty, to ascertain and determine whether a case for removal has been made out.   The mere filing of a proper petition accompanied by bond does not deprive the State Court of its jurisdiction.

Case cited and approved:  117 U. S. Rep., 432.

5. VERDICT. *For $15,000 held not excessive.*

Verdict for $15,000 against railroad companies, for injuries inflicted by their gross negligence, and resulting in death, is held not excessive upon the facts set out in this opinion.

6. CHARGE OF COURT. *Time for presentation of requests for further instructions.*

Requests for further instructions must be presented after the general charge is delivered, or the Court will commit no error in refusing to give them.

Cases cited and approved: Roller *v.* Bachman, 5 Lea, 159; Railroad *v.* Foster, *ante,* p. 671.

7. PRACTICE. *Method of embodying evidence in bill of exceptions.*

The practice of setting out in bills of exception only the results shown by the proof, and not a verbatim copy of the entire body of the evidence, is commended by the Court.

8. SAME. *Setting out ground of motion for new trial.*

The practice of setting out in motion for new trial the grounds relied upon is commended; and it is suggested that the lower Courts probably have the power to enforce this practice by proper rules.

9. SAME. *Defect in record cannot be supplied on petition to rehear.*

The omission of a material paper from the record cannot be supplied on petition to rehear. Suggestions of diminution must be made before the cause is called for trial; and if not then made all objections to the state of the record are waived.

---

### FROM DYER.

---

Appeal in error from Circuit Court of Dyer County. THOS. J. FLIPPIN, J.

HOLMES CUMMINS and W. S. DRAPER for Railway Companies.

HAMILTON PARKS for Hendricks.

TURNEY, Ch. J.   The action is to recover damages of the Chesapeake, Ohio and South-western Railroad Company and the Newport News and Mississippi Valley Railway Company for the killing of J. C. Hendricks on December 12, 1887.

The first assignment of error is upon the refusal of the Circuit Court to transfer the cause to the United States Circuit Court.

The grounds of the petition are that petitioner, at and before the commencement of suit, was and is now a citizen of Connecticut, and that Hendricks, administrator, was and still is a citizen of Tennessee; that the controversy is wholly between the petitioner, Newport News and Mississippi Valley Company, and the plaintiff, citizens of different States; that the Chesapeake, Ohio and South-western Railroad Company is neither a necessary or proper party to this suit; that plaintiff has joined said railroad company as a defendant simply for the purpose of endeavoring to defeat petitioner's right of removal; that the cause of plaintiff is a fraudulent, unjust, and illegal attempt to deprive said United States Court of its lawful jurisdiction, as well as a fraud on petitioner's right, etc.; that in 1888 plaintiff commenced his suit against the defendants for the same matters and

.things set forth and complained of; that after beginning suit, plaintiff dismissed his said action against the Chesapeake, Ohio and South-western Railroad Company, and proceeded alone against petitioner. Thereafter, on one of the days of March term, 1888, petitioner filed a petition for the removal of the cause to the Circuit Court of the United States. The Circuit Court of the State granted the prayer, etc. Afterwards plaintiff dismissed that suit, having theretofore begun the present one against the two companies, joining the latter fraudulently and for the single purpose of divesting the Federal Court of its jurisdiction, and depriving petitioner of its right, etc., he having no claim whatever against the Chesapeake, Ohio and South-western Railroad Company; that by his dismissal of his former suit the plaintiff admitted and confessed that he had no cause of action against the party, and that his sole cause of action was against petitioner alone.

The petition was answered with a definite denial of all fraud, of any admission or confession that the petitioner was alone liable, and insisting that both corporations were jointly and severally liable. The prayer of the petition was refused.

It is here insisted: "The sole question upon the petition for the State Court to determine was whether, upon the face of the petition, a good cause for removal was made. If so, then the re-

moval was matter of right and of course, subject, however, only to inquiry in the Federal Court as to the truth of the allegations of the petition." To support this position, reference is had to several cases from the United States Supreme Court. The latest utterance to which our attention has been called is in the case of *Louisville and Nashville Railroad Co.* v. *Wangelin*, 132 U. S. Reports, 601, in which Justice Gray says: "It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by the condition of the record in the State Court at the time of the filing of the petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the Federal Court."

While in the case before us there is an allegation of fraud, which is denied, there was no proof offered to sustain it. The condition of the record in the State Court at the time of filing the petition was not such as to warrant a removal. Trying the question by the face of the record, the jurisdiction of the State Court was exclusive. That condition is sought to be changed by the unsworn petition of the defendant below, who moves for a removal upon extraneous allegations without proof.

In *Stone* v. *South Carolina*, 117 U. S. R., 432,

Chief Justice Waite says: "A State Court is not bound to surrender its jurisdiction of a suit on a petition for removal until a case has been made which, on its face, shows that the petitioner has a right to the transfer.   *   *   *   The mere filing of a petition for the removal of a suit which is not removable does not work a transfer. To accomplish this, the suit must be one that can be removed, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the State Court in the case ends and that of the Circuit Court begins."

In this case no application was made to the Federal Court, and of course that Court could not settle the question. The Federal question of removal was presented to the State Court, and before that Court could be authorized to order the removal it was its duty to ascertain and determine that "a case has been made which, on its face, shows that the petitioner has a right to the transfer," and "was not bound to surrender its jurisdiction" before.

We are unable to agree with counsel for the petitioner that the language of the Supreme Court in construing the statutes of removal, means that a petition like the present, without more, ousts the State Court of its jurisdiction, and transfers it to the Federal Court.

This may be so when the petition and bond

are filed in the latter Court, and the duty of investigation imposed upon it. Such is clearly, we think, the true meaning of the cases. The right to petition attaches to either Court, at the election of the petitioner; but when he has made his election, he must submit to that election for all the purposes and provisions of the statutes under which he is proceeding, and when either has passed upon the questions he is bound by the ruling, except he may appeal from the final judgment of the State Court, when perhaps he cannot from that of the Federal Court.

When the Supreme Court says the petitioner must make a case for removal it means he must make it under the statute, and to the satisfaction of that Court to which he makes the application, and not that he can by piecemeal try the question in the two Courts. If the contention is sound, we will have the anomaly of a cause removed from the State Court and suspended until the Federal Court can pass upon the merits of the application, the parties, in the meantime, not knowing where the cause pends, and neither Court knowing which has jurisdiction.

Since this opinion was filed it has been suggested that under the Act of Congress of 1887 the application for removal can be made only in the State Court. If this were so, it affords a stronger reason that that Court must pass upon the sufficiency of the grounds laid for removal.

A case must be made for removal and made to

the Court asked to remove. Under the rule insisted upon, every case involving the jurisdictional amount could be removed or its trial retarded until after action of a Federal Court.

Under the rule in this State, there is nothing in the allegation that the dismissal of the former suit as to one of the parties, was an admission that there was no cause of action against that party, as tort-feasors are jointly and severally liable.

The second assignment is that the verdict and judgment for fifteen thousand dollars are excessive. Deceased was postmaster and express agent at Trimble, on the Chesapeake, Ohio and Southwestern Railroad. He was struck by an engine and train of one car and a freight caboose, running on the schedule of the regular passenger train, which carried the mail and express matter. The engine and train which did the killing was running ' ahead of the passenger-train, at a speed of thirty to forty miles per hour. The postmaster and express agent, passengers, and all persons having business with trains, had to cross the track in front of them—a most dangerous and careless arrangement, one that must not be overlooked. There were standing cars, lumber, and other things calculated to obstruct the view. The train made no check of speed, and the deceased, in attempting to cross, was struck by the engine, knocked forty-six feet against a bank, and rebounded to the cross-ties. He lived about forty-

five minutes. Several other persons barely escaped a similar fate.

It was supposed to be the regular train, and that it would slow to about four miles per hour. No notice had been given of its approach except the signal whistles. It should have slowed down or stopped at the telegraph office for orders. That it was being run at a very high and dangerous speed, without proper and continuous signals, is conceded, and was running on the time of the regular passenger-train, which regularly slowed down in approaching, and stopped at said station, a village of about three hundred inhabitants.

Deceased was a careful, prudent man, and not careless about crossing tracks in front of trains; was about thirty-three years of age.

The facts do not make out a case for reversal for excessive damages. The conduct of the engineer, who is shown to be a fast runner, and had that day passed Dyersburg at the speed of sixty miles per hour, was reckless in the extreme. The throwing of the body forty-six feet with a rebound leaves no room to doubt the recklessness of the engineer, and his utter disregard of human life.

The several requests to charge were made before any charge was given; none of them were repeated afterward. Under the rule in this State it was not error to refuse to give them. *Roller* v. *Bachman*, 5 Lea, 159; *Railroad* v. *Foster*, *ante*, 671. Counsel should first hear the charge,

-and then make such requests as in their opinion are right- and proper in extension or modification. The Court makes up his charge in the progress of the case in proof and argument, and is usually prepared to deliver it at the conclusion of the argument. It would be the imposition of great labor to require him to lay aside his own charge and study one or more prepared by counsel of the respective sides, and remodel his to conform to many requests, as in this case. Such a practice would result in much confusion and a multiplication of error, as well as delay in the trial of causes.

In this case a practice was adopted which we recommend to the profession, and one we would be glad to see adopted by it.

The bill of exceptions does not set out the testimony of each witness on either side, but simply states that the proof for each tended to show certain facts. It is well done, of easy comprehension, and presents in a small compass what would otherwise have been a cumbersome record, and yet fully, pertinently, and distinctly raises' every question of law and fact.

On his motion for new trial the able counsel presented all his grounds in writing, thereby giving to the Court every opportunity to detect any error he may have committed. On the trial here only those grounds, more formally and fully drawn out, make up the assignments of error.

We see no reason at present why Circuit Courts

.should not require counsel to point out in this way the grounds on which they base such motions, and treat as waived such as are not thus designated.

There is no reversible error in the charge as given, and the judgment is affirmed.

---

OPINION ON PETITION TO REHEAR.

TURNEY, Ch. J. In the opinion delivered on a former day of the term it is stated that the petition to remove the cause from the State to the Federal Court is not sworn to.

We are asked to rehear the case, that the record may be supplied to show the affidavit attached to the petition.

It is a settled rule of practice in this Court that suggestions of diminution and applications to supply must be made before the cause is called for trial, and, if not, all objection to the state of the record is waived.

The petition was a very material part of the record, the affidavit thereto (if one) a material part of it.

No suggestion of diminution or imperfection of record was made, and we hear of none until several days after the cause was decided.

The petition is dismissed.