## STATE *v.* BANK OF COMMERCE.

### (*Jackson.* May 9, 1896.)

1. DECREE. *Construed in connection with Court's written opinion.*

   To ascertain the scope and effect of a decree, the Court may look to the written opinion upon which it was based. (*Post, p. 595.*)

   Cases cited and approved: Folkes *v.* State, 14 Lea, 19; 160 U. S., 256.

2. SAME. *Effect of.*

   A decree based upon a written opinion that sustains one and overrules the alternative ground of relief stated in the bill, though silent as to the latter, has the legal effect of adjudicating both grounds in accordance with the opinion. (*Post, pp. 595, 596.*)

3. SAME. *Not changed at subsequent term.*

   A Court has no power to change or modify its decree of a former term except for clerical errors. (*Post, pp. 596, 597.*)

   Cases cited and approved: Elliott *v.* Cochran, 1 Cold., 389; 12 Pet., 488; 94 U. S., 499; 106 U. S., 464.

---

### FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. J. L. T. SNEED, Ch.

F. T. EDMONDSON, METCALF & WALKER, and W. D. BEARD for Complainants.

MORGAN & MCFARLAND and W. H. CARROLL for Defendants.

GEO. GILLHAM, Sp. J. At the last term of this Court these cases were heard and decided, and are reported in 95 Tenn., 221, under style of *State* v. *Bank of Commerce.* The bills were filed to collect taxes claimed to be due to the city of Memphis and the county of Shelby for several years subsequent to 1886, aggregating about $100,000. It was then contended by the bank that under its charter it paid a commuted tax upon its shares of stock, in lieu of all other taxes. For the county and city it was contended that either the shares of stock in the hands of the shareholders or the capital stock, one or the other, *but not both*, were subject to general taxation.

By the decree then rendered this Court adjudged that the shares of stock in the hands of the shareholders were subject to general taxation. In the decree no reference is made to the capital stock, nor does it in terms adjudicate that the capital stock is not subject to general, or *ad valorem*, taxation; but the opinion then delivered goes fully into this question, and the Court undoubtedly then held that the capital stock was not subject to general taxation. *State* v. *Bank of Commerce*, 95 Tenn., 234.

The cases went, by writ of error, to the Supreme Court of the United States, were advanced for hear-

ing, and have been recently decided. The Court reversed so much of the decree of this Court as adjudged that the shares of stock in the hands of the shareholders were subject to general taxation. 16 Sup. Ct. Rep., 456.

The charter of the Union & Planters' Bank is, in · substance, the same as that of the Bank of Commerce.

After the decision of the Bank of Commerce cases by this Court, at the last term, in which it was held that the surplus and undivided profits of that bank were liable to *ad valorem* taxes imposed by the State, etc. (notwithstanding the exemption of its capital stock from such taxation), the Union & Planters' Bank filed in the United States Circuit Court for the District of West Tennessee its bill to enjoin the county of Shelby *et al.*, from enforcing payment from it of a tax upon its surplus and undivided profits. That Court held the tax to be illegal, and enjoined its collection.

Upon appeal by the county of Shelby, the case went to the Supreme Court of the United States, was likewise advanced for hearing, and was heard with the Bank of Commerce and other cases from this Court.

In deciding the Bank of Commerce cases, the Court say: "We cannot, therefore, review the decision of the State Court allowing the claim of exemption from general taxation of the capital stock of the bank, although the consequence is that in these

38—12 P

cases both the capital stock and the shares of stock thereof in the hands of the shareholders escape all taxation other than the charter tax.'' 16 Sup. Ct. Rep., 460.

In the Union & Planters' Bank cases, the Court had the question before it, and upon a review of all the cases, State and Federal, held that the capital stock of the Union & Planters' Bank was subject to general taxation. 16 Sup. Ct. Rep., 562.

Upon these opinions and the mandates in the Bank of Commerce cases, the city of Memphis and the county of Shelby now move this Court to enter a decree against the Bank of Commerce for privilege taxes for the year 1889 and subsequent years here involved; also, for *ad valorem* taxes against the capital stock of said bank for the years 1887 to 1891, inclusive, and without prejudice to taxes for subsequent years.

Upon these motions, the contention of the city and county is that the decree of the last term should be treated as a unit, and should now be so modified as to conform to the opinion of the Supreme Court in the Union & Planters' Bank case by taxing the capital stock of the Bank of Commerce; also, by taxing the bank with the privilege taxes mentioned.

The contention of the bank is that our decree of the last term is final, and that it cannot at this term be reversed, altered, or changed.

The principal questions now raised are: First,

was the liability of the capital stock to general taxation, by this Court · at the last term, adjudicated? Second, if so, can we now readjudicate that question, and tax the capital stock? The decree is silent on the subject, but the opinion is full and clear. No one can read the opinion without understanding that this was one of the leading questions debated, considered and by the Court decided.

In *Folkes* v. *State*, 82 Tenn., 19, this Court, Judge Cooper delivering the· opinion, has .said: "And even if the presumption, as stated by the Referees, was that the dismissal was on the merits, if the record leaves the matter in doubt, this Court may look to the opinion of the Court then delivered, which is also a record, to clear up the doubt."

The Supreme Court of the United States, in the recent case of *In re Sanford Fork & Tool Co.*, 160 U. S., 256, say that the opinion delivered by the Court may be consulted to ascertain what was intended by its mandate.

Upon authority we think it clear that we may look to the opinion, in connection with the decree, to ascertain what was intended to be, and was by the Court decided.

These suits were instituted to obtain' a construction of the bank's charter, and to settle the question whether the charter tax was on the capital stock or on the shares of stock in the hands of the shareholders, and to collect the general tax, from

the one or the other, as the Court might construe its charter, and locate the charter tax.

The exemption of the capital stock from *ad valorem* taxation was therefore *necessarily involved*, and was a vital issue of the case.

We understand it to be well settled that all the issues which *might* have been raised and litigated are concluded, the same as if they had been directly adjudicated, and included in the judgment or decree. *Lindsley* v. *Thompson*, 1 Tenn. Chy., 272; 21 Am. & Eng. Enc. of L., 216.

We need not, however, rest our opinion on this doctrine, for in the present case the very question was litigated, both in the Court below and in this Court.

We are of the opinion, and therefore hold, that the decree of the last term, construed in connection with the opinion, adjudged that the capital stock of the Bank of Commerce was not subject to general taxation.

This brings us to the second question, which is, whether we now have the *power* to reverse, change, or modify our decree of the last term, or to now pass a decree inconsistent with our adjudication of that term.

It is settled and familiar law, that no Court can, upon a second writ of error or appeal, although in the same case and between the same parties, change or modify its rulings of a former term. *Supervisors* v. *Kennicutt*, 94 U. S., 499; *Clark* v. *Keith*, 106 U. S., 464.

It is also settled law that no Court can, in such case, change or modify its judgment of a former term, except for clerical errors. *Elliott* v. *Cochran*, 1 Cold., 389; *Sibbald* v. *United States*, 12 Peters, 488.

None of the cases which have been cited by counsel, and none which the Court have been able to find, hold that this Court has the power to reverse or change its adjudication of a former term.

If the Supreme Court of the United States could not have directed this Court by mandate to change its rulings and tax the stock, because it had not jurisdiction of the question, and if that Court, upon a second writ of error, is concluded by its judgment upon the first writ, although in the same case, and between the same parties, upon what principle can this Court go behind its judgment of a former term, although in the same case and between the same parties?

Had the Supreme Court of the United States jurisdiction of this question, and by its mandate had directed this Court to reverse its decree, then there could be no question either as to our jurisdiction or our duty to enter such decree.

We are of opinion that this Court has not the power to now pass a decree taxing the stock of the Bank of Commerce for the years here involved, nor to decree payment of the privilege taxes for said years. It follows that we have no power to dismiss the bills without prejudice. Both motions are disallowed.

A decree will be entered in pursuance of the mandates, reversing so much of the decree of the last term as is herein directed, and otherwise affirming it.

Judges Caldwell and Allen do not concur in the conclusions here announced, being of the opinion that the Court should now mold its decree to conform to the opinion of the Supreme Court of the United States in the Union & Planters' Bank case, and adjudge the Bank of Commerce liable for *ad valorem* and privilege taxes. Judge Beard, being disqualified, did not sit in this case.