## GAUT *v.* WIMBERLY.

*(Knoxville.* October 6, 1897.)

1. COURT OF CHANCERY APPEALS. *Should grant rehearing to supply defects in record, when.*

The Court of Chancery Appeals should grant a rehearing to defendants on reversing the decree of the Court below, on the ground that the decree of sale under which they claim title to the land in suit contains no description of the property, in order that the record may be perfected by including such description, where the omission thereof was merely clerical, and the error was not assigned by counsel for complainant nor discovered by defendants, but was pointed out by the Court after disposing of all the errors assigned, although Supreme Court Rule 26, adopted by the Court of Chancery Appeals, requires suggestions of diminution of record to be made before the cause is called for trial or the imperfection will be waived.

2. SUPREME COURT. *Remands to Court of Chancery Appeals to supply defects in record.*

The Supreme Court will not allow a suggestion of diminution and correction of the record on appeal from a judgment of reversal by the Court of Chancery Appeals, where the omitted portion of the record was not, but should have been, before the latter Court; but the cause will be remanded to such Court for correction of the record and such other proceedings as may be necessary.

FROM BRADLEY.

Appeal from Chancery Court of Bradley County. T. M. McCONNELL, Ch.

STUART & GAUT for Gaut.

MAYFIELD, SON & AIKEN for Wimberly.

MCALISTER, J. This cause is before the Court upon motion of defendants to suggest a diminution of the record, and for leave to file a more perfect transcript. This motion was made in the Court of Chancery Appeals, and denied by that Court upon the ground that it came too late, the motion not having been made until the case was decided by that Court. The contest presented · in the record is in respect of the title to a town lot in Cleveland. The complainant and defendant each assert title to the lot under proceedings had in different causes in the Chancery Court of Bradley County, and each having purchased under a decree of sale made in the respective causes. The Court of Chancery appeals reversed the decree of the Chancellor, upon the ground that the decree of sale under which defendant claims title contained no description of the property, and that for this reason the sale thereunder was void.

It is insisted by defendant's counsel that the omission of said description was not assigned as error on behalf of complainant, and was not known to defendant's counsel until pointed out in the opinion of· the Court of Chancery Appeals. Counsel asserts that the omission was entirely clerical, and hence they presented a petition for rehearing in order that a suggestion of diminution might be made, and a

15 P—32

perfect transcript filed. The Court of Chancery Appeals dismissed the petition and overruled the application upon the ground that it came too late. The Court of Chancery Appeals based their action upon Rule 26 of the Supreme Court rules, which have likewise been adopted by that Court, viz.: "Suggestions of diminution of record should be made before the cause is called for trial, and at such times as gives opportunity to have the record perfected for the hearing, or the imperfections of the record will [ be waived; *Provided however*, That any amendment thus supplied, brought before the Court before the cause is finally disposed of after the. hearing, may be considered." Supreme Court Rules, 5 Pickle, 777. That Court said, in respect of this rule, that it supposes counsel ' on both sides will examine the record fully before presenting the cause to the Court, to see there are no material omissions therein. In the absence of such examination and discovery, and suggestion of diminution, the rule provides that the omitted portion shall be treated as "waived." We have no power to alter this.

In the opinion of this Court the construction of Rule 26 by the Court of Chancery Appeals, as applied to the facts of this case, was erroneous. It was not intended, by the adoption of Rule 26 or any other rule of this Court, to lay down a cast-iron, inflexible law which would admit of no exceptions, and thereby wholly defeat in many cases the ends of justice. The rule was adopted to promote accuracy in transcripts of records, and to en-

able the Court to get before it on the hearing the whole case as it was presented in the lower Court. It was designed to prevent litigants from reopening a case upon a suggestion of diminution in respect of a matter that was necessarily involved in the controversy presented to the Court on the hearing. In the present case the particular infirmity in the record was not assigned as error by counsel for complainant, nor was it discovered by defendant. It was pointed out by the Court of Chancery Appeals, after it had made disposition of all the errors assigned upon the record and the questions which were the subject-matter of controversy between counsel. It turns out that the omission was merely clerical, and the Court of Chancery Appeals was in error in refusing to grant a rehearing, in order that the record might be perfected. On the appeal of defendants this Court is now asked to allow a suggestion of diminution and the correction of the record in the particular mentioned. But it is obvious that if the motion is allowed this Court will be compelled, on the appeal of defendants, to try the case upon a different record from that presented to the Court of Chancery Appeals, whereas this Court only reviews the cases that were presented in the lower Court. The proper practice, therefore, is to reverse the decree of the Court of Chancery Appeals, and remand the cause to that Court for a perfection of the record, and such other proceedings as may be necessary in the premises.

Decree accordingly.