LA FOLLETTE COAL, IRON & RAILROAD COMPANY *v.* SMITH.

(*Knoxville.* September Term, 1905).

1. **SUPREME COURT.** Suggestion of diminution of record must be made before case is finally disposed of.

   The rule of this court is that suggestions of diminution of the record shall be made before a case is called for trial, in order that the record may be perfected before the hearing; and it has been uniformly held that such suggestions and leave to perfect the record must be applied for before the case is finally disposed of.

2. **SAME.** Same. Case in judgment.

   The record filed in this court failed to show a motion for a new trial and the grounds thereof, and such defect was pointed out by defendant in error in his reply brief and relied upon as one of the reasons why the judgment should be affirmed, but no effort was made to remedy it until after affirmance of the judgment.

*Held*: That it was too late, on petition for rehearing, to suggest a diminution of the record and have the same perfected.

Cases cited and distinguished: Hinton v. Ins. Co., 110 Tenn., 114; Gaut v. Wimberly, 99 Tenn., 497.

FROM CAMPBELL.

Appeal in error from the Circuit Court of Campbell County.—G. MC. HENDERSON, Judge.

Coal, Iron & Ry. Co. v. Smith.

H. B. LINDSAY and W. A. OWENS for Coal, Iron & Ry. Co.

AGEE & PETERS and LUCKY, SANFORD & FOWLER for Smith.

---

MR. JUSTICE WILKES delivered the opinion of the court.

This is a petition to rehear.

One of the grounds upon which the case was decided originally in this court was that the minutes of the court below did not show that the motion for a new trial and the grounds therefor were set out, and therefor that the assignments of error could not be considered in this court.

A certificate is now made, after the case is decided, by the clerk of the court below, to the effect that the motion for a new trial and the grounds for the same were regularly set out upon the minutes of the court below, and that it should have so appeared in the transcript to this court, and a certified copy of said minute entries is presented with the petition, and the petitioner asks to suggest a diminution of the record, and to have it made perfect by the insertion of this certified matter.

The rule of this court is that suggestions of diminutions of record shall be made before a case is called for trial, and at such time as will give opportunity to have the record perfected before hearing, or the imperfection of the record will be waived, provided, however, that any

such amendment thus supplied, brought before the court before the case is finally disposed of, after hearing, may be considered.

Under this rule, it has been uniformly held by the court that suggestions of diminution and leave to perfect the record must be applied for before the case is finally disposed of.

In the case of *Hinton* v. *Insurance Co.,* 110 Tenn., 114, 72 S. W., 118, the court allowed a suggestion of diminution to permit the record to show that the bill of exceptions was filed in time in the lower court, and this was done after the hearing and decision of the case, but was put upon the ground that the question of when the bill of exceptions was filed was not raised on the trial of the case, but was observed by the court, and raised upon its own motion in the decision of the case, the attorneys having overlooked the fact; and it was upon this ground that the petition was allowed at that stage of the proceeding. See, to same effect, *Gaut* v. *Wimberly,* 99 Tenn., 497, 42 S. W., 265.

In the present case, however, the fact that the record was defective upon the ground stated was relied upon on the trial of the case as one of the reasons why the judgment should be affirmed, and was set out in the reply brief; and the attention of counsel was thus brought to the defect, and no effort was made to correct it. The case was under advisement in the hands of the court for about a week, and no effort was made during that time to correct the defect.

Coal, Iron & Ry. Co. v. Smith.

In the original opinion handed down it was stated, in addition, that the case had been considered by the court as if the record were perfect; and the court announced that it found no error in the proceedings in the court below.

We think, therefore, that there is no reason to relax the rule, and, inasmuch as opposing counsel insist upon it, it must be enforced, and the petition to rehear is dismissed.