MATTIE LEE CARUTHERS *v.* LAKE COUNTY MFG. CO., INC.*

(*Jackson.*   April Term, 1924.)

1.  **STATUTES.**  Repeals by implication not favored.

    Repeals by implication are not favored.   (*Post, pp.* 272-276.)

2.  **STATUTES.**  Duty of court to construe amendatory act to sustain it.

    The court should give Acts 1923, chapter 84, which amends Acts 1919, chapter 123, a construction which will sustain the amendatory act. (*Post, pp.* 272-276.)

3.  **MASTER AND SERVANT.**  Amended Compensation Act held not to increase allowance to dependent widow.

    Where deceased employee whose wages were $15 per week left only a dependent widow, a decree awarding her $5 a week for four hundred weeks based on Acts 1919, chapter 123, section 30, pars. 5, 16, *held* proper, the widow not being entitled to an increase of allowance from thirty per cent. as originally provided, to fifty per cent. of deceased's wages under the amendatory act (Acts 1923, chapter 84, section 1, par. 4); the changes contemplated by the amendment as expressed in section 1, pars. 1-5, relating to increases in the maximum compensation of those whose percentage had been defined and determined in the original act.   (*Post, pp.* 272-276.)

    Acts cited and construed:  Acts 1919, ch. 123; Acts 1923, ch. 84.
    Case cited and approved:  Stonega Coke & Coal Co. v. Southern Steel Co., 123 Tenn., 428.

---

FROM LAKE.

---

*Headnote 1.   36 Cyc, Statutes, § 1071; 2.   36 Cyc, Statutes, § 1164; 3.   W. C. A. § 95.

Appeal from the Circuit Court of Lake County.—Hon Robert A. Elkins, Judge.

E. H. Lannom, for appellant.

Burnett & Donaldson and Chas. L. Neely, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

A construction of the Compensation Act of 1919, chapter 123, as amended by chapter 84 of the Acts of 1923, is involved. The deceased employee left only a dependent widow. His wages had been $15 per week. Thirty per cent. thereof (paragraph 5 of section 30) being less than the minimum (paragraph 16, Id.), the trial judge decreed to the widow $5 a week for four hundred weeks. She appeals and insists that by virtue of paragraph 3 of section 1 of the amendatory act of 1923, she is entitled of fifty per centum of the deceased's wages.

The purpose of the pertinent part of the amendatory act is thus stated in the caption:

"To increase the maximum compensation from eleven ($11) dollars per week to twelve ($12) dollars per week and up to fifteen ($15) dollars per week in certain cases."

In cases both of permanent total disability and of death the original act fixed a maximum of $11 and a minimum of $5 per week. Manifestly two objects were contemplated by the amended act: (1) To increase the arbitrary maximum allowance originally fixed at $11 to $12, and (2) to provide a sliding or graduated scale based on the number of dependents running up to $15, applicable alike to cases of permanent total disability and death.

The first object is covered by the first paragraph of section 1; the graduated scale is provided for in case of permanent total disability by the second and third, and in cases of death, by the fourth and fifth paragraphs of the same section.

Numbering these paragraphs for convenience in reference they read as follows:

(2) "In all cases of permanent total disability of an employee covered by the Workmen's Compensation Act, fifty per cent. of the average weekly wages as defined in said chapter 123 of the Acts of 1919 shall be paid subject to maximum compensation as follows:

(3) "Where there are no persons dependent upon such injured employee, a maximum of $12 per week; where there is one dependent of such employee, a maximum of $13 per week; where there are two dependents of such injured employee, a maximum of $14 per week, and where there are three dependents of such injured employee, a maximum of $15 per week.

(4) "In all cases of death of an employee covered by the Workmen's Compensation Act, fifty per centum of the average weekly wages defined as stated, shall be paid in cases where such deceased employee leaves dependents subject to maximum compensation as follows:

(5) "In the case of one dependent, $12 per week; in the case of two dependents, $13 per week; in the case of three dependents, $14 per week; and in the case of four or more dependents, $15 per week; excepting as specifically modified by this act, all the remaining provisions of said chapter 123 of the Acts of 1919 shall remain in full force and effect."

The controversy arises over the effect of the language used in paragraph 4, it being insisted that the original

150 Tenn.—18.

act is thus amended, not only expressly and directly in the particulars before mentioned, but also so as to increase the per centum, or proportionate, allowance to a single dependent, a widow in this case, from thirty per cent., as originally provided, to fifty per cent. of the wages of the decreased. The language is somewhat ambiguous, but the effect of the amendment must be mainly determined by the purpose declared in the caption and by the context. The construction contended for by the widow would involve a repeal by implication of repugnant provisions and a radical change in the law, distinct from the increase in maximum compensation specifically set out in the caption and primarily provided for in section 1 as a whole. Is such a change intended to be effected?

After providing in paragraphs 2 and 3 for the increase and graduated scale in permanent disability cases, the act, in related paragraphs 4 and 5 of the same section, proceeds to deal with death cases and provides that, "Fifty per centum of the average weekly wages defined as stated [in the original act] shall be paid in cases where such deceased employee leaves dependents subject to maximum compensation as follows," and then fixes the graduated scale, based on the number of dependents, consistent with the general purposes of the amendment as already indicated, concluding with the declaration that the original act shall remain unchanged "excepting as specifically modified by this act."

"Defined as stated" in the original act, a maximum of fifty per centum was payable in death cases, under conditions stated, the payment in such cases being graduated from thirty per centum to fifty per centum according to the number of dependents. This was clearly "de-

fined'' in the law, and we think the changes contemplated by the amendment relate to increases in the maximum allowances, rather than the minimum percentages payable.

It may be observed that, if the construction contended for should be adopted, the widow in the instant case would not come within the literal terms of the amendment, which provides for fifty per centum in cases only ''where such deceased employee leaves dependents subject to maximum compensation.'' This deceased employee left one dependent only, and she was not subject to ''maximum compensation,'' such compensation being fifty per cent of $24, or $12 per week. The conclusion reached is thus fortified, since it could not have been the intention of the legislature to increase the percentage basis from thirty to fifty for the benefit of widows merely because their husbands earned higher wages.

If the language of the amendment should be taken to award as contended fifty per cent. in all cases of death of an employee, then it would follow that the distinction between partial and total dependents would also be extinguished, and no such result could have been intended. Again, if construed as insisted upon, the amendment, being repugnant to those parts of the original act which clearly define and fix the per centum and proportions payable to different classes and numbers of dependents, would operate to repeal these inconsistent parts of the original act. Repeals by implication are not favored. *Stonega Coke & Coal Co. v. Southern Steel Co.,* 123 Tenn. 428, 131 S. W., 988, 31 L. R. A. (N. S.), 278.

The amending paragraphs must be construed to mean only that the fifty per cent. payable according to the con-

ditions defined in the original act shall hereafter, in all cases when there are dependents entitled to maximum compensation, receive twelve dollars instead of $11 and up to $15 in certain cases. It was not the percentage already defined, or the proportions applicable to partial dependents, which was intended to be dealt with, but the maximum compensation of those whose percentage had been defined and determined.

It is the duty of this court to give such construction to the amendatory act as will sustain it, if possible, and it is quite obvious, as already suggested, that the caption is not broad enough to cover the radical and distinctive features contended for, and such a construction would therefore destroy the constitutionality of the act.

It follows that the judgment must be affirmed.