MARY HAYS *v.* FEDERAL CHEMICAL CO.*

(*Nashville.* December Term, 1924.)

1. **STATUTES.** Amended Compensation Act held not to increase allowance to dependent widow, since such construction would render it unconstitutional.

Workmen's Compensation Act (Pub. Acts 1919, chapter 123), is not so amended by Pub. Acts 1923, chapter 84, as to entitle widow of deceased employee to fifty per cent. rather than thirty per cent. of average weekly wages of her husband, since such construction would render 1923 act unconstitutional, under Constitution, article 2, section 17, as containing matter not within scope of its caption. (*Post, p.* 174.)

Acts cited and construed: Acts 1919, ch. 123; Acts 1923, ch. 84.

Case cited and approved: Caruthers v. Lake County Mfg. Co., Inc., 150 Tenn., 269.

Constitution cited and construed: Art. 2, sec. 17.

2. **STATUTES.** Where amendatory statute specifies particulars in which original act is amended, body of such act may not validly contain other matters.

Though it is not necessary for title of amendatory act, which is germane to original act, to set out proposed amendments if such amendments fall within title of the original act, when title to amendatory act specifies particulars in which original act is to be amended, body of amendatory act may not validly contain other matters. (*Post, pp.* 174-176.)

3. **STATUTES.** Act held not amendatory of Workmen's Compensation Act in manner not specified in its caption.

Pub. Acts 1923, chapter 84, amending Workmen's Compensation Act (Pub. Acts 1919, chapter 123), which in its caption enumerates particulars in which original act was to be amended, cannot be

construed to amend original act in manner not enumerated, though such amendm'ent may be included within caption of original act. (*Post, pp.* 174-176.)

Cases cited and approved: Henderson Co. v. Breeden Bros., 148 Tenn., 278; Railroad v. Transportation Co., 128 Tenn., 277; Memphis Street Ry. Co. v. State, 110 Tenn., 598; Ruohs v. Athens, 91 Tenn., 20; State v. Algood, 87 Tenn., 166; Hyman v. State, 87 Tenn., 109; Niles v. Steere, 102 Mich., 328; Davey v. Ruffell, 162 Pa., 443; Abernathy v. Mitchell, 113 Ga., 127; State v. American Sugar Refining Co., 106 La., 553; Goodbar v. Memphis, 113 Tenn., 20.

*Headnotes 1. Statutes, 36 Cyc., p. 974; 2. Statutes, 36 Cyc., p. 1031; 3. Statutes, 36 Cyc., p. 1031.

FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County.— Hon. A. B. Neil, Judge.

John T. Allen and W. S. Lawrence, for claimant.

Wm. Hume, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

The question presented on this appeal is whether chapter 84 of the Acts of 1923, amending chapter 123 of the Acts of 1919, the Workmen's Compensation Act, so amends the earlier act as to entitle the widow of a deceased employee to fifty per cent. of the average weekly wages of her husband, instead of thirty per cent. of his average weekly wages, as provided in the original statute.

This question was before us in *Caruthers* v. *Lake County Mfg. Co., Inc.,* 150 Tenn., 269, 263 S. W., 793, and was answered in the negative. We are now asked to reconsider our former holding.

The opinion in *Caruthers* v. *Lake County Mfg. Co., Inc.,* supra, was rested largely on the proposition that if the Act of 1923 should be construed to amend the Act of 1919 as contended, it would be unconstitutional as containing matter not within the scope of its caption. Constitution, article 2, section 17.

The caption of chapter 123 of the Acts of 1919 is as follows:

"An act to provide an elective system of workmen's compensation for industrial accidents; to prescribe the manner of election and the rights and liabilities of employers, employees, and third parties; to define and regulate the liability of employers to employees for injuries sustained by such employees in the course of their employment resulting in disability or death; to provide medical and surgical care for such injured employees; to provide compensation for injured employees; or in case of death, for the dependents of such employees; to make claims payable hereunder preferred claims, and to make all sums paid as compensation under this act exempt from the claims of creditors; to provide methods for insuring and securing the payment of such compensation; to make minors *sui juris* for certain purposes; to prescribe a method for the execution of this act and for the determination of liability of employers to employees for compensation, and to regulate the procedure in such cases; to provide revenue for the administration of this

act; to provide for and regulate the business of insurance companies writing workmen's compensation insurance under this act, and to impose fees upon such insurance companies and upon employers and employees who are subject to this act; to provide penalties for violations of this act; and to make appropriations out of the revenue of the State for the purpose of executing and administering this act.''

The caption of chapter 84 of the Acts of 1923 is in these words:

''An act to amend chapter 123 of the Published Acts of 1919, passed April 12, 1919, and approved April 15, 1919, being an act entitled 'An act to provide an elective system of workmen's compensation for industrial accidents; to prescribe the manner of election and the rights and liabilities of employers, employees and third parties; to define and regulate the liability of employers and employees for injuries sustained by such employees in the course of their employment resulting in disability or death; to provide medical and surgical care for such injured employees; to provide compensation for injured employees, or in case of death for the dependents of such employees, to make claims payable hereunder preferred claims, and to make all sums paid as compensation under this act exempt from the claims of creditors; to provide methods for insuring and securing the payment of such compensation; to make minors *sui juris* for certain purposes; to prescribe a method for the execution of this act and for the determination of liability of employers to employees for compensation, and to regulate the procedure in such cases; to provide revenue for

the administration of this act; to provide for and regu-
late the business of insurance companies writing work-
men's compensation insurance under this act and to im-
pose fees upon such insurance companies and upon em-
ployers who are subject to this act; to provide penalties
for the violation of this act; and to make appropriations
out of the revenue of the State for the purpose of exe-
cuting and administering this act, so as to provide that
said act shall apply to employers engaged in the op-
eration of coal mines and to employees thereof; to in-
crease the maximum compensation from eleven ($11)
dollars per week to twelve ($12) dollars per week and
up to fifteen ($15) dollars per week in certain cases; to
reduce the waiting period from fourteen days to seven
days, to change the definition of the word 'employer' to
those using the services of not less than five persons for
pay instead of ten persons; to provide that coal opera-
tors in certain cases may make certain the payment of
compensation by the establishment of a 'coal operators'
protective fund,' and more clearly to define the powers
and duties of the commissioner of insurance and bank-
ing with respect to the rate charged by insurance car-
riers writing workmen's compensation insurance, to pro-
vide for a tax on premiums and define the duties of in-
surance carriers in certain cases, and to give the Gov-
ernor, the secretary of state, and the commissioner of
insurance and banking the power to approve or with-
hold approval of rates charged by insurance carriers
for workmen's compensation.''

It will be observed that the only portion of the cap-
tion of the amendatory act, which in any way tends to

cover the amendatory provision said to have been enacted, is that portion of the caption "to increase the maximum compensation from eleven ($11) dollars per week to twelve ($12) dollars per week and up to fifteen ($15) dollars per week in certain cases."

For the reasons stated in *Caruthers* v. *Lake County Mfg. Co., Inc.,* supra, we are satisfied that such a caption is inadequate to indicate such legislation. We see no reasonable connection between such a caption and such legislation.

It is insisted, however, that the caption of the original act is amply sufficient, and that if the amendment be germane to the original act, and embraced in the title of the original act, the particulars of the amending act need not be shown in its title. The rule has been so stated in many cases, among which may be mentioned. *Henderson Co.* v. *Breeden Bros.,* 148 Tenn., 278, 255 S. W., 359; *Railroad* v. *Transportation Co.,* 128 Tenn., 277, 160 S. W., 522; *Memphis Street Railway Co.* v. *State,* 110 Tenn., 598, 75 S. W., 730; *Ruohs* v. *Athens,* 91 Tenn., 20, 18 S. W., 400, 30 Am. St. Rep., 858; *State* v. *Algood,* 87 Tenn., 166, 10 S. W., 310; *Hyman* v. *State,* 87 Tenn., 109, 9 S. W., 372, 1 L. R. A., 497.

An examination of the statutes considered in these cases shows that the captions of the amendatory acts before the court were general, and did not specify the amendments designed. Such statutes, therefore, differed from chapter 84 of the Acts of 1923. The caption of the Act of 1923 went into details, and enumerated the particulars in which it was proposed to amend the original act, after reciting the title of the original act.

While conceding that it is not necessary for the title of an amendatory act to set out the amendments proposed to be made, if such amendments fall within the title of the original act, we think, when the title of the amendatory act does specify the particulars in which the original act is to be amended, the body of the amending act should not contain other matters. Any other rule would be unsafe. If the title of an amending act merely indicates generally that amendments of the original act are to be made, then it rests upon all those affected by the original act to investigate, and see in what respects the original act is to be changed. If the title of the amending act, on the contrary, sets out the particular amendments that are to be made to the original act, it may be reasonably concluded that no amendments other than those stated are to be attempted. It would promote deception, if, under a caption undertaking to specify amendments to be made, other and different amendments were included in the body of the act.

This precise question does not appear to have been considered in any of our cases heretofore, but the conclusion reached is well supported, by decisions from other States.

"Where the title of the amendatory act recites the title of the act to be amended and also specifies the amendments to be made, the legislature is limited to the amendments specified and anything outside of these is void.". Lewis' Sutherland, Statutory Const., section 140; *Niles* v. *Steere,* 102 Mich., 328, 60 N. W., 771; *Darey* v. *Ruffell,* 162 Pa., 443, 29 A., 894; *Abernathy* v. *Mitchell,* 113 Ga., 127, 38 S. E., 303; *State* v. *American Sugar Refining Co.,* 106 La., 553, 31 So., 181.

We do not think it was intended in *Goodbar* v. *Memphis,* 113 Tenn., 20, 81 S. W., 1061, to announce a rule contrary to the foregoing.

It results that we must adhere to *Caruthers* v. *Lake County Mfg. Co., Inc.,* and the judgment of tne trial court is affirmed.