MRS. W. V. SHAW *v.* THOMAS R. SHAW. (No. 25.)*

(*Jackson.* April Term, 1925.)

1. **EQUITY.** Judgment. Motions. Court has no power over final decree, Judgment, or order of former term.

 Court has no power over its final orders, judgments, and decrees, rendered at former term, save certain proceedings authorized by statute to correct errors.  (*Post, p.* 363.)

 Case cited and approved: State v. Dalton, 109 Tenn., 548.

2. **APPEAL AND ERROR.** Rehearing allowed when error in record shown at same term.

 Rehearing may be obtained, where decree was based on condition of record which through oversight did not show true state of facts, provided such relief is sought at same term of court at which case was originally disposed of.  (*Post, pp.* 363, 364.)

 Cases cited and approved: Gaut v. Wimberly, 99 Tenn., 496; Hinton v. Insurance Co., 110 Tenn., 114; Justus v. State, 130 Tenn., 540; Railway Co. v. Hendricks, 88 Tenn., 720; Railway Co. v. Smith, 115 Tenn., 584.

3. **APPEAL AND ERROR.** Rehearing at subsequent term of court of appeals properly denied.

 Where chancellor's decree was affirmed by court of civil appeals, because record did not show bill of exceptions timely filed, request made at subsequent term of court of appeals, to which court undisposed of cases in abolished court of civil appeals were transferred by statute for rehearing, on ground exceptions were in fact filed in time, but omitted from record through oversight, was properly denied; Shannon's Code, section 4597, relating to correction, at subsequent term, of errors in judgment or decree, not providing for correction of record.  (*Post, pp.* 364-366.)

Shaw v. Shaw.

Cases cited and approved: Elliot v. Cochran, 41 Tenn., 389; Burns v. Edgfield, 3 Tenn. Ch., 139; State v. Bank, 96 Tenn., 597; Carney v. McDonald, 57 Tenn., 232; Glidewell v. State, 83 Tenn., 133.

Code cited and construed: Sec. 4597(S.).

*Headnotes 1. Equity, 21 C. J., Section 874; Judgments, 34 C. J., Section 437; 2. Appeal and Error, 4 C. J., Section 2484; 3. Appeal and Error, 4 C. J., Section 2515.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. F. H. HEISKELL, Chancellor.

J. H. NORVILLE, for plaintiff.

McLAIN & BEJACH, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

·This is a divorce proceeding in which the chancellor, hearing the cause upon oral testimony, decreed the petitioner, wife, an absolute divorce and alimony.

The defendant prayed and was granted an appeal to the court of civil appeals, and was allowed thirty days within which to file his bill of exceptions.

On April the 29th, 1925, the court of civil appeals affirmed the decree of the chancellor, for the reason that it did not appear from the record that the bill of excep-

tions was filed within the thirty days. On the same day that court adjourned for the term, and on May 1, 1925, the act abolishing the court of civil appeals and creating the court of appeals went into effect; the seventeenth section of the act providing that:

Be it further enacted, all cases in the court of civil appeals on May 1, 1925, that have not been disposed of by that court, and all cases that at that time have been appealed or otherwise removed to that court but not yet docketed, shall be transferred to and disposed of by the appellate court having jurisdiction thereof under the provisions of this act. Cases in the supreme court on May 1, 1925, of which the court of appeals has cognizance by the terms of this act shall, if they are brought directly to the supreme court and have not been heard or submitted, be transferred by that court to and disposed of by the court of appeals in the division in which they arose.'' Laws 1925, chapter 100.

On May the 9th, 1925, the defendant filed a petition to rehear, attached to which was the affidavit of the clerk and master showing that the bill of exceptions was filed within the thirty days, but that by oversight he failed to have it so appear in the record.

On the same day another petition was filed by the defendant, suggesting a diminution of the record, and praying for the issuance of the writ of *certiorari* to have a correct copy of the record certified.

On June the 20th, 1925, the court of appeals dismissed both petitions upon the ground that it was without jurisdiction in the premises.

The defendant has filed in this court a petition for writ of *certiorari* to have the decrees of the court of ap-

peals reviewed, and assigns for error the action of that court, set out above.

In Encyclopedic Digest of Tennessee Reports, vol. 7, p. 585, will be found many decisions of this court announcing the general rule that the court has no power over its final orders, judgments and decrees, rendered at a former term, save certain proceedings to correct errors authorized by statute.

We will quote from one of the cases (*State* v. *Dalton*, 109 Tenn., 548, 72 S. W., 456) as follows: "Nor can the action of the court be sustained upon any supposed control of the court over its records. So long as the court remains in session, the record is in the breast of the judge, and all judgments entered at that term may be vacated or modified upon any subsequent day of the term, but upon final adjournment the power of the court over the record is gone.

"This is the rule governing final judgments of all courts of record, save certain proceedings authorized by statute to correct errors resulting from clerical mistakes, which it is not claimed apply to this case. After the parties to the cause have been dismissed by final judgment and adjournment of that term, the court has no more jurisdiction of them and of the case upon the merits than where no suit has been instituted or process served. Any order or judgment made at a subsequent term affecting a final judgment unquestioned by proceedings in error, except in the cases mentioned, is *coram non judice*, and a nullity."

That such relief, as is here sought, may be obtained in the court at the same term at which the case was originally disposed of is well sustained by the decisions of

this court. *Gaut* v. *Wimberly*, 99 Tenn., 496, 42 S. W., 265; *Hinton* v. *Insurance Co.*, 110 Tenn., 114, 72 S. W., 118; *Justus* v. *State*, 130 Tenn., 540, 172 S. W., 279.

The cases of *Railway Co.* v. *Hendricks*, 88 Tenn., 720, 13 S. W., 696, 14 S. W., 488, and *Railway Co.* v. *Smith*, 115 Tenn., 584, 92 S. W., 237, are not in conflict with the foregoing decisions.

In such case, if the court of appeals should deny the relief, this court would reverse and remand same to that court for a correction of the record and a decision upon the merits. *Gaut* v. *Wimberly*, supra.

It is apparent that the court of appeals was correct in dismissing the petition to rehear, unless the petitioner brings himself within one of the statutory provisions referred to above.

These provisions, as set forth in Shannon's Annotated Code, are as follows:

Section 4597: "The circuit, chancery, and supreme courts may, at any time within twelve months after final judgment or decree, and while the cause is still in such courts, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge to amend by."

Section 4598: "Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

This latter section, of course, had no application, since the mistake sought to be corrected is not apparent on the face of the record.

Shaw v. Shaw.

The other section is limited to the correction of clerical errors, mistake in the calculation of interest, or other mistake or omission appearing "in the judgment or decree."

"What the defendant seeks is a correction of the record, and then a hearing upon the merits, which is the very thing that this court in the Dalton case said he could not have.

Here there is no clerical error or mistake in the decree to be corrected. The court entered the order intended, which was correct according to the record.

This court, in its decisions, has never gone further than to correct a judgment or decree entered through mistake.

For example:  Failure to include interest. *Elliot* v. *Cochran,* 1 Cold., 389; *Burns* v. *Edgfield,* 3 Tenn. Ch., 139; *State* v. *Bank,* 96 Tenn., 597, 36 S. W., 719.

When the clerk, through mistake, entered judgment in favor of plaintiff instead of the defendant. *Carney* v. *McDonald,* 10 Heisk., 232; 1 Shannon's Cases, 235.

An erroneous entry of the verdict of a jury. *Glidewell* v. *State,* 15 Lea, 133.

When the clerk, through inadvertance or mistake, entered an order reciting that the motion for a new trial was overruled on June the 5th, when, in fact, it was June the 10th. *Justus* v. *State,* supra.

It will be observed in each of the foregoing cases that a judgment or decree was entered, through inadvertence or mistake, which was not intended. But in the instant case no such mistake was made, but the very decree intended was entered; and the decree was correct, according to the record.

It is not the decree that was incorrect, but the record; and it is not the decree but the record that the defendant seeks to have corrected on account of oversight, inadvertence, or mistake. And, unfortunately for the defendant, the statute does not provide relief in such case.

The petition for writ of *certiorari* will have to be denied.