COLLEGE COAL MINING COMPANY AND U. S. FIDELITY & GUARANTY COMPANY v. DORTHA IDER SMITH *et al.*

(*Knoxville.* September Term, 1929.)

Opinion filed December 9, 1929.

ALLISON, LYNCH & PHILLIPS, for plaintiff in error.

SOLON L. ROBINSON, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

A final decree was by agreement entered on the order of the Court in this case at the January term, 1924, awarding compensation to petitioner Dortha Smith, widow, and Mary Smith, minor daughter, of J. Thomas Smith, an employee of the Mining Company, the agreed decree being against U. S. Fidelity & Guaranty Company, as insurer. By its terms the award was fixed at the total sum of $5000 to be paid in monthly installments, $4853 thereof to Dortha and $147 to Mary, provided that on the death or marriage of either the payments to that one should cease.

On the 9th of March, 1929, more than five years thereafter, the Guaranty Company filed a petition in the case setting out the foregoing record and facts and alleging that according to a construction of the pertinent sections of the Compensation Act of 1919, as amended in 1923, announced by this Court in *Caruthers* v. *Lake County Mfg. Co.*, 150 Tenn., 269, and *Hays* v. *Chemical Co.*, 151 Tenn., 169, the amount of the award fixed by the decree was erroneous and excessive, and charging that under the construction so given more than the correct amount had been paid, and praying that the decree of 1924 "be modified and corrected so as to adjudge a total liability, payable in installments, of $4041," etc.

The Circuit Judge sustained a demurrer to this petition, holding that the Court was without power to so modify or correct the final decree of 1924; that if a mistake was made it was a mistake of law in construction

of the act, not a clerical or inadvertent mistake; that the trial Judge at the time had performed a judicial function in approving the award made. Petitioner Guaranty Company has appealed.

■ We concur in the conclusion of the Circuit Judge. It has been quite uniformly held that, while clerical errors in judgments and decrees, apparent on the face of the record, may be corrected at a subsequent term, errors in legal construction and opinion, or in conclusions of fact, cannot be so corrected. See numerous cases cited in notes 6, 7 and 8 under Section 4598 of Shannon's Code, so providing. And also see Gibson's Suits (3 Ed.), p. 476, secs. 572-573, and notes citing recent decisions of this Court, among them *Shaw* v. *Shaw,* 152 Tenn., 360; *Citizens Bank* v. *Bayles,* 153 Tenn., 40; *Coal & Lbr. Co.* v. *Patton,* 134 Tenn., 556, and *Fuller* v. *Fuller,* 157 Tenn., 697.

■ Based on rulings of this Court made subsequent to the determination by the trial court of the legal effect of the pertinent provisions of the legislative acts in question, it is now urged that the decree was erroneous. This may be granted. But it does not follow that the final judgment then entered may be now corrected. The contrary is well established. There was no mistake made in entering the decree. The very decree was entered which was intended, and the award was fixed at the exact sum which the Court agreed with counsel for both parties was the amount authorized by law. Such a mistake in judgment is not subject to correction at a subsequent term. When the decree as entered expresses what was the intention of the Court at the time of its rendition, it may not be changed at a subsequent term, re-

gardless of how erroneous, either in law or in fact, the conclusion reached may thereafter appear to be.

The language quoted and relied on from the opinion in *Mangrum* v. *Aetna Ins. Company,* 153 Tenn., 209, 212, was used and applicable in the case here on appeal, and it must be so understood and limited. Nor do we understand other cases cited to be in conflict with the rule above stated.

The judgment is affirmed.