MRS. TRUMAN L. HILTON *v.* JOHNSON CITY GENERAL HOSPITAL.

(*Nashville,* December Term, 1929.)

Opinion filed April 5, 1930.

536

ALLEN & ALLEN, for plaintiff in error.

HAYES & MOORE, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Mrs. Hilton, unsuccessful defendant in the circuit court to an action for the value of services rendered, has filed her petition for the writ of *certiorari,* to review the judgment of the Court of Appeals affirming the judgment of the trial court.

The Court of Appeals affirmed the judgment because the transcript of the record did not show that the bill of exceptions had ever been filed in the trial court. In support of her petition to rehear, Mrs. Hilton suggested the diminution of the record, and presented the missing certificate of the circuit court clerk, supported by affidavits showing the regularity of the record.

The Court of Appeals declined to entertain the suggestion of diminution; and in overruling the petition to rehear said: "As to the power a court may have to disregard salutary rules with reference to rehearing, while it may remain within their jurisdiction to do so, it ought never to do so except upon an urgent requirement for the

administration of justice, which we do not think this case presents.''

The case is governed by the rules of the Court of Appeals, adopted May 19, 1925, which provide, in section 20: ''Suggestion of diminution of record shall be made before the case is called for trial, and at such time as gives opportunity 'to have the record perfected for hearing, or the imperfection of the record will be waived;'' etc. 9 Tennessee Appeals Reports, Appendix, p. III.

In the quotation hereinabove made from the opinion of the Court of Appeals, that court recognized its undoubted power to relax the foregoing rule, whenever necessary to the attainment of substantial justice, but declined to do so in the case at bar.

The enforcement or nonenforcement of such a rule of procedure lies within the discretion of the court by which the rule was adopted. The jurisdiction of this court to review the judgments and decrees of the Court of Appeals should not be extended to a review of its exercise of discretion in refusing to overlook and condone a litigant's nonobservance of one of its reasonable rules of procedure.

''When a rule has been made it becomes the law of the court, unless it contravenes some law passed by the Legislature.'' *Van Brocklin* v. *Wolcott, Smith & Co.*, 52 Tenn., 743. A similar rule is enforced in this court. *Railway Co.* v. *Hendricks*, 88 Tenn., 710, 720.

Power to make rules for the reasonable dispatch of the business of the court is expressly conferred upon the Court of Appeals by statute (Acts 1925, chapter 100, section 9), if such power be not inherent.

The petition for *certiorari* is accordingly denied.