WARD *et al. v.* CRISP *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

JAMES P. BROWN, of Knoxville, for complainants.

WHITE & LEONARD, of Knoxville, for defendants.

MR. JUSTICE BURNETT delivered the opinion of the Court.

A second petition to rehear has been filed herein. This petition is supported by an application "to correct the transcript record" because the Clerk and Master failed to properly copy the original bill in his original certificated record. This failure is now shown, for the first time, by an amended certificate of the Clerk and Master. A "diminution" of the record is thus asked.

Our rule number 9 (found at page 863 of 185 Tennessee Reports) covers suggestions of Diminution of a record. The portion of the rule applying here is: "The court will, however, in its discretion, consider any record supplied after hearing and before disposition of the case." The rule does not direct what shall be done after disposition of the case as is here sought to be done. The clear implication of the quoted portion of the rule is that diminution will not be allowed after disposition of the case. This finds support in *Railway Co.* v. *Hendricks, Adm'r.*, 88 Tenn. 710, at page 720, 13 S. W. 696, 14 S. W. 488, where diminution was denied after "the cause is called for trial". The same situation, as here presented, arose in the case of *La Follette Coal, etc., Co.*

v. *Smith,* 115 Tenn. 584, 92 S. W. 237, and this Court denied the application for the reasons therein set forth. This Court in *Hinton* v. *Sun Life Insurance Co.,* 110 Tenn. 113, 114, allowed the application.

In its final analysis the question of allowing such an application is a question coming within the discretion of the Court. If the Court sees that an injustice would be done the application is granted. If no injustice is done the Court will deny the application.

We must deny the application here because we are satisfied that substantial justice has been done heretofore by our former opinion which affirmed the judgment of the Chancery Court. As we said in our opinion on the first petition to rehear: "when taken as a whole . . . the action taken herein was to transfer the control of the physical property of this church to the General Assembly." [189 Tenn. 513, 226 S. W. (2d) 273, 277.]

For these reasons the petition must be denied.

All concur.