ROBERT SOLOMON v. ESTATE of TENNIE EL-
KINS WITT, Deceased. —311 S. W. (2d) 815.

Eastern Section. March 26, 1957.

Certiorari denied by Supreme Court June 7, 1957.

R. M. Vertrees, Knoxville, for appellant.

Earl S. Ailor, Knoxville, for claimant, M. A. Heifner.

HOWARD, J. This appeal originated in the County Court of Knox County, Tennessee, where the appellant herein filed a claim against the estate of Tennie Elkins Witt, deceased, on December 30, 1953, which claim was for the maintenance and care of the said Tennie Elkins Witt, "from March 1943 to March 1953, ten years at fifty dollars (50.00) per month (600.00) annually

Total $600.00"

No exceptions were filed to the claim, and on March 30, 1955, 15 months after the claim was filed and after the time had expired for filing exceptions thereto, a motion was filed by claimant to amend his claim by changing the total to $6,000, insisting that the mistake was an error apparent on the face of the record and subject to correction, as provided by T. C. A. sec. 20-1513, which reads as follows:

"Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

The amendment was disallowed by the County Judge and subsequently by the Circuit Judge, and from the latter's judgment, the claimant has appealed and the only error assigned is that the Circuit Judge committed error in refusing to allow the amendment.

From the present state of the record, it appears that the error complained of was made by claimant himself when his claim was prepared and sworn to by him. It was not a mistake made by the Court, nor was it the function of the Court to determine the accuracy or correctness of his figures. The claim was uncontested,

and judgment against the estate for the amount became final in the County Court upon the expiration of the statutory period for filing exceptions thereto. According to the record, these proceedings were regular and the judgment entered was that which the Court intended.

In Elliot v. Cochran, 41 Tenn. 389, the Court said:

"As to the errors in the judgment of the court, in point of law, existing in the decree upon which the report is based, or in unwarranted deductions of fact—if any such there be—complained of by the defendant's counsel, they, upon the principles already stated in this opinion, are beyond our reach; the law of the decree, as well as its conclusions upon the testimony in the cause, constitute the deliberate judgment of this court in the case, and cannot now be changed. They do not stand upon the same ground as the clerical errors or omissions of the clerk."

In College Coal Mining Co. v. Smith, 160 Tenn. 93, 21 S. W. (2d) 1038, 1039, the Court said:

"There was no mistake made in entering the decree. The very decree was entered which was intended, and the award was fixed at the exact sum which the court agreed with counsel for both parties was the amount authorized by law. Such a mistake in judgment is not subject to correction at a subsequent term. When the decree as entered expresses what was the intention of the court at the time of its rendition, it may not be changed at a subsequent term, regardless of how erroneous, either in law or

in fact, the conclusion reached may thereafter appear to be.''

In the instant case, the judgment entered was in no sense a mistake. It was the deliberate and intended act of the Court, based upon the total amount of the claim presented. Had the mistake been made by the Court, the amendment would have been proper under the statute. But for reasons indicated, we think the statute is inapplicable and the amendment was properly disallowed.

Furthermore, the statute, T. C. A. sec. 20-1513, provides that the record ''may be corrected * * *at the discretion of the court.''

The record shows there are claims of other creditors on which judgments have become final in the County Court, and the time having expired for filing exceptions to all claims, it would be manifestly inequitable to these creditors if the proposed amendment were allowed, since insolvency of the estate is admitted. Therefore, the Circuit Judge did not abuse his judicial discretion in disallowing the amendment.

Affirmed at appellant's costs.

McAmis, P. J., and Hale, J., concur.