JAMES N. COX v. MRS. FLORENCE FARLEY.

R. L. MADDUX v. MRS. FLORENCE FARLEY.

Middle Section.   August 6, 1932.

Petition for Certiorari denied by Supreme Court, January 7, 1933.

H. B. McGinness, of Carthage, and Worth Bryant, of Cookeville, solicitors for complainants.

A. F. Officer, of Livingston, and Thompson & Haile, of Cookeville, solicitors for defendant.

DeWITT, J.  These two causes were heard together on the same oral and documentary evidence under a stipulation signed by counsel and filed with the record.  Mrs. Florence Farley, widow of R. L. Farley, who died in January, 1931, is the defendant in each case. Complainant James N. Cox filed his bill against her to recover upon at note for $6000 and interest, dated April 1, 1930, executed by James N. Cox, payable to the order of R. L. Farley under a contemporaneous agreement signed by R. L. Farley and Mrs. Florence Farley, as follows:

"WHEREAS, Jas. N. Cox, has this day purchased as an accommodation to me one hundred (100) shares of stock of the Middle Tennessee Mills of Lebanon, Tennessee, as evidenced by certificate No. 62, the par value of which is One Hundred ($100) Dollars per share, the outstanding stock of all character being and remaining Ninety Thousand ($90,000) Dollars, for which he has given his personal note for Six Thousand ($6,000) Dollars, dated April 1, 1930, due in twelve months with interest at the rate of six (6%) per cent, same being on a basis "of Sixty ($60.00) Dollars per share with the understanding that same is to be placed with DeFord VanHooser, or the Security Trust Company of Lexington, Kentucky.

"We, R. L. Farley and wife, Florence F. Farley, severally and collectively hereby agree and bind ourselves to take up this stock at the price paid as above set out plus dividend of ten (10%) per cent, on or before twelve months from date, provided it is at that time, desired or requested by the said Jas. N. Cox.  This matter being purely a personal accommodation and recognized as such, we agree that this note or obligation given in purchase of the above stock, shall not become burdensome or embarrassing on Jas. N. Cox, or his heirs or assigns.

"On or before the date same becomes due we agree to satis", same by payment of the note and redemption of the stock as above set out provided it is his wish, or the circumstances are such that it is requested to be done.

"Signed in duplicate, this the 1st day of April, 1930, at Cookeville, Tennessee.

· "R. L. Farley
"Florence Farley

"Witness: Charles Stanton."

R. L. Maddux filed his bill against Mrs. Florence Farley to recover of her the sum of $4500 and interest upon a note executed by R. L. Maddux on April 1, 1930, payable to the order of R. L. Farley, under an agreement in writing dated April 1, 1930, which was as follows:

"AGREEMENT.

"WHEREAS, R. L. Maddux has this day purchased as an accommodation to me Seventy-five (75) share of stock in the Middle Tennessee Mills of Lebanon, Tennessee, as evidenced by certificate No. 61, the par value of which is One Hundred ($100) Dollars per share, the outstanding stock of all character being and remaining Ninety Thousand ($90,000) Dollars, for which he has given his personal note for Forty-Five Hundred ($4500) Dollars, dated April 1, 1930, due in twelve months, with the interest at the rate of six (6%) per cent, same being on a basis of Sixty ($60) Dollars per share, with the understanding that same is to be placed with DeFord VanHooser, or the Security Trust Company of Lexington, Kentucky.

"We, R. L. Farley and wife, Florence F. Farley, severally and collectively, hereby agree and bind ourselves to take up this stock at the price paid as above set out, plus dividend of ten (10%) per cent per annum, on or before twelve months from this date, provided it is at that time desired or requested by the said R. L. Maddux.

"This matter being purely a personal accommodation, and recognized as such, we agree that this note or obligation given in purchase of the above stock shall not become burdensome or embarrassing on R. L. Maddux or his heirs or assigns.

"On or before the date same becomes due we agree to satisfy same by payment of the note and redemption of stock, as above set out, provided it is his wish, or the circumstances are such that it is requested to be done.

"Signed in duplicate, this 1st day of April, 1930, at Cookeville, Tennessee.

"R. L. Farley
"Florence Farley

"Witness: ——————————.''

Each of said notes was executed and delivered to R. L. Farley pursuant to an accompanying contract, and it was by R. L. Farley negotiated and endorsed to the Security Trust Company of Lexington, Kentucky, it being contemplated and understood that Mr. Farley might use said notes to obtain funds for the discharge of his pressing financial obligations. The proceeds of said notes were so used and applied by him. The evidence shows that when the complainants were requested by Mr. Farley to execute these promissory notes for his accommodation, they agreed to do so only upon condition that Mrs. Farley would bind herself along with her husband, by signing these contemporaneous agreements; and that she did so.

Upon the maturity of these notes each complainant notified Mrs. Farley in writing and otherwise that he chose to exercise the option given him in the contract to make a redelivery of the shares of stock therein mentioned, and he made demand upon her that she redeem the same, take up and discharge the note and otherwise perform the obligation alleged to have been assumed by her in said contract. She failed and refused to do so. Each complainant thereafter paid the amount of his note, with interest, to the Security Trust Company of Lexington, Kentucky, the owner and holder thereof. The bills in these causes were filed on June 29, 1931. It was therein averred, and the proof showed, that R. L. Farley died hopelessly insolvent.

A demurrer was interposed to each bill, these demurrers being identical in language. It is insisted that the Chancellor erred in overruling these demurrers.

The first proposition, subdivided in four heads, is that the bill showed that the contract sued upon was voluntary and without consideration:

(a) Because the pleadings show no consideration to this defendant;

(b) because the contract is vague, indefinite and uncertain;

(c) because the contract is harsh, inequitable and unenforceable against this defendant;

(d) because complainants' bill shows that he has a full, adequate and complete remedy at law.

This was overruled because every reasonable presumption is in favor of the bill when assailed by demurrer, the policy of the court being to give every complainant an opportunity to be heard on the merits of his case, when any equity whatever appears in his bill,

though defectively stated. Gibson's Suits in Chancery (2 Ed.), sec. 317. The rule is that where, as in these cases, the contract sued on was a part of the original transaction, and it so appears in the bill, no consideration therefor is required to be set forth in the original bill. 28 C. J., 1018. A defense of want of consideration would be properly a defense by answer or plea.

There is no merit in the other proposition under this first ground of demurrer. The contract in each case is neither vague, indefinite or uncertain and the purposes for which it was entered into and the circumstances are set forth in the bill in each case so fully and clearly, and they are of such character, that it cannot properly be held that the contract was harsh, inequitable and unenforceable against the defendant.

The second ground of demurrer related to averments in the bill upon which was predicated a prayer for a discovery by the defendant as to character and location of her property. The action of the Chancellor overruling this ground of the demurrer was in our opinion correct. In the bill it was alleged that the defendant was fraudulently concealing her property. Upon this subject the Chancellor said:

"The complainant is within his rights I think in making her a witness and I do not see why she should complain at this, or seek to avoid an answer under her oath, when the complainant makes her his witness and is bound by her answers."

Another proposition was as follow:

"Defendant demurs to so much and such parts of said bill as seeks relief on the ground that the complainant is an accommodation maker, the bill showing on its face that complainant was maker for profit and a legal consideration."

The Chancellor held that there was no merit in this proposition and in this he was correct. The bill in each cause, embodying as it did the contemporaneous agreement, showed upon its face that the complainant was an accommodation maker; and the fact that Mr. and Mrs. Farley bound themselves to take up the stock at the price paid, plus a dividend of ten per cent, on or before twelve months from date of the note, in the event the same was desired by the maker, did not change the status of complainants from that of accommodation makers.

It is also insisted that the complainants had a plain, adequate remedy at law. This was true. They might have brought their suits in the Circuit Court but the Chancery Court had concurrent jurisdiction of such actions. The proposition is utterly without merit.

One more proposition set up was that each bill was demurrable because the complainant made no tender of the stock. The Chancellor

held this fact to be immaterial because each complainant in his bill, although not making a specific tender averred that the stock would be delivered at any time, was under complainant's control and subject to the orders of the court.

The demurrer in each case was therefore very properly overruled; but it was overruled so as not to adjudicate finally any matters of proper defense in the answer. Thus the defenses presented on this appeal, presenting largely questions of law, were again set up and relied on in the answer. There is little, if any, conflict in the evidence. The propositions insisted upon here are as follows:

(1) That the court erred in finding that the defendant was a guarantor of each note sued on.

(2) That it was error to find that each complainant was an accommodation maker.

(3) That defendant is not liable because there was no consideration for her signing the agreement.

(4) That the court erred in admitting, over exceptions, certain testimony.

As to the testimony excepted to we have carefully examined it with relation to the issues presented, and we are of the opinion that it was not improperly admitted. All of it related to the facts and circumstances of the execution by complainants of the notes and the execution by Mr. and Mrs. Farley of the contemporaneous agreement. None of it sought to vary or in any wise alter the provisions of those instruments. Part of it was in description and explanation of the course taken by each of the complainants after he had taken up his note and had made demand upon defendant to perform her agreement in joining with all other persons holding stock in the corporation in agreeing to sell all of it to Messrs. A. G. and G. A. Maxwell for the sum of $10,000, which the proof showed was all the stock was worth, if not more than its worth. The complainants fully agreed to credit the amounts of their recoveries, if any, against Mrs. Farley in these causes, with the amounts which they would receive out of said fund of $10,000 as liquidating dividend upon stock held by them. We may here say that it abundantly appears that but for this sale to the Messrs. Maxwell the stock would have been worth practically nothing; that the defendant would profit by this sale; and therefore that she could not complain that the complainants did not come and offer to her the certificates of stock. They did so in substance and in effect, and the evidence shows that they stand ready to account to the defendant for the full, actual value of this stock.

The insistence that there was no consideration to Mrs. Farley for signing these instruments cannot be sustained. Whether she became a surety or maker, or merely a guarantor, the transactions afforded a

very great benefit to her husband, as they enabled him to discharge a critical and pressing debt to the Security Trust Company and to relieve him at least temporarily from a serious financial strain. Her signing the instruments made this possible and brought it about. Her contract was made as a part of the original transaction, and the consideration supporting her husband's contract supported hers. 21 R. C. L., 959; 28 C. J., 917; Villines v. Parham-Lindsey Grocery Co., 6 Tenn App., 254.

In each case the Chancellor awarded a recovery only for the amount which the complainant had actually paid to the Security Trust Company in satisfaction of the note signed by him, with interest from the date of said payment, and costs of the cause. The relief thus afforded does not therefore include any dividend. There is no evidence that any dividend accrued on the stock, but there is room for inference that the corporation was verging on insolvency.

We have dealt with both cases in this opinion because they involve identical questions, and they were tried together on the same evidence. The assignments of error in each case are all overruled. In the cause styled R. L. Maddux v. Florence Farley, a decree will be entered in this court for the complainant against the defendant for the sum of $4770, with interest from April 2, 1931, and all costs of this cause. The costs of the appeal will be adjudged against Mrs. Florence Farley and the surety on her bond given for the writ of error.

In the case of Jas. N. Cox v. Mrs. Florence Farley, a decree will be entered in this court in favor of the complainant against the defendant Mrs. Florence Farley for the sum of $6300.60, with interest from April 2, 1931, and all costs of said cause. The costs of the appeal will also be adjudged against the surety on the bond given by Mrs. Farley for the writ of error.

It appears that property of Mrs. Farley was attached in these causes, and it was decreed that said property would first be sold as provided by law and the proceeds credited on the amounts awarded. These causes will therefore be remanded to the Chancery Court of Putnam County for the execution of said decrees, and for any further proceedings in accordance therewith. Of course, whatever fund may be realized from the shares of stock tendered to Mrs. Farley, when another suit of interpleader pending in said court is finally determined, will also be credited on the amount of the decrees and executions will be awarded for any remaining sum.

In the decree of the Chancery Court it was provided that one bill of exceptions would be sufficient for both cases, and that it would apply to each case individually or both cases jointly. Nevertheless two bills of exceptions were made and filed and the record in each of these cases contains a transcript of the bill of exceptions. A motion

was entered by the complainants to strike the bill of exceptions in each case. This motion is based upon the theory that as the Chancellor made a full finding of facts and incorporated the same in his decree, no bill of exceptions was necessary. This is an erroneous conception of the law. The Chancellor's finding of facts, provided by Chapter 100, Public Acts of 1925, does not operate as did a finding of facts made by a circuit judge in a case tried without a jury, where request for such finding of facts was made by him before the trial. The motion to strike these bills of exception is, of course, denied, but it does not affect the result in any way. It was however, unnecessary to furnish the transcript of more than one bill of exceptions in view of the agreement of the parties and the provision in the decree of the Chancellor. As this was done by the defendant she must bear this unnecessary burden of cost.

Faw, P. J., and Crownover, J., concur.