# FLETCHER v. RUSSELL.—177 S. W. (2d) 854.

Middle Section.   August 7, 1943.

Rehearing denied September 18, 1943.

Petition for Certiorari denied by Supreme Court, February 5, 1944.

James C. Cunningham, of Clarksville, for appellant.

Stout & Porter, of Clarksville, for appellee.

HICKERSON, J.   Floyd Fletcher filed the original bill against N. W. Russell to recover for a deficiency in acreage in a tract of timber which he had purchased from Russell. Complainant alleged that defendant represented to him that the tract of land contained 60 acres and that he relied on that representation when he bought the timber; that in working over the timber he became convinced that there were not 60 acres in the tract; that he had the land surveyed and discovered that there were only 35.5 acres in the tract of land instead of 60 acres, making a deficiency of 24.5 acres; that he paid defendant for this land at the rate of $13.33 an acre; and he prayed for a decree against defendant for the full amount of this deficiency.

By answer N. W. Russell denied all the material allegations of the bill.

The cause was tried before the Chancellor upon oral testimony pursuant to the provisions of Code, Section 10564, as amended by Pub. Acts 1935, chap. 106, the written stipulation of counsel so to do being filed in the record.

The Chancellor sustained complainant's bill and entered a decree in his favor, adjudging the costs against defendant.

Defendant appealed to this Court and has assigned errors.

Floyd Fletcher has filed a motion to strike the bill of exceptions because: (1) The bill of exceptions was signed and filed sixty-one days from the pronouncement of the final decree in the chancery court and the adjournment of the court in course; and (2) the final decree was rendered September 24, 1942; defendant prayed and was granted an appeal to this Court, and was given thirty days within which to file his bill of exceptions; on the same day the court was adjourned to court in course; thereafter, at chambers, the Chancellor entered a decree giving defendant an additional thirty days from October 24, 1942, within which to file his bill of exceptions. Floyd Fletcher, the appellee, contends that the court was without authority to make this chambers decree.

The motion to strike the bill of exceptions must be sustained on both grounds.

The final decree was entered on September 24, 1942. From that decree defendant prayed and was granted an appeal to this Court and was allowed thirty days within which to file his bill of exceptions. Thereupon, court adjourned on the same day, September 24, 1942, to court in course.

On October 20, 1942, the Chancellor entered a chambers decree giving defendant an additional thirty days from October 24, 1942, within which to file his bill of exceptions. The bill of exceptions was signed by the Chancellor on November 24, 1942, and filed by the Clerk and Master on the same day.

Code, Section 11, provides: "The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

Code, Section 8820, provides: "In all cases of appeal, and appeal in the nature of writ of error from the circuit, criminal, county, and chancery courts to the supreme court, or the court of appeals, the judge or chancellor may, in his discretion, allow the parties time in which to prepare and file the bill of exceptions, not to exceed sixty days from and after the adjournment of the court."

■ ■ The bill of exceptions in this case was not filed until sixty-one days from the entry of the final decree and the adjournment of the court. It was filed too late. The statute is mandatory. The bill of exceptions must be signed by the trial court and filed by the clerk within the time allowed by the order permitting the filing of the bill of exceptions and in no event can it be filed more than sixty days after the entry of the final order and the adjournment of the court in course. Here the final order was entered and the court adjourned in course on the same day, September 24, 1942. In Scopes v. State, 152 Tenn. 424, 428, 278 S. W. 57, 58, the Court said: "Chapter 275 of the Public Acts of 1899 empowered the court in his discretion to extend the time for settlement of a bill of exceptions for as much as 30 days after adjournment. Chapter 49 of the Public Acts of 1917 empowered the court in his discretion to extend the time for settlement of a bill of exceptions for as much as 60 days after adjournment.

"These laws permit the trial court, by proper order, to project his control over the record for a time after adjournment not exceeding the statutory limitations. When the time thus fixed, however, has expired, the power of the court is at an end, as it formerly ended with the adjournment of the term."

■ We pass to the second ground of the motion. The chambers decree, which was entered after the entry of the final decree, and the adjournment of the court in course, by which the Chancellor attempted to extend the time for the filing of the bill of exceptions was void. The Chancellor had no authority to make that order.

In Buchannon v. State, 177 Tenn. 140, 149, 146 S. W. (2d) 952, 956, the Supreme Court said: "We held in Beiler v. State, 158 Tenn. 404, 14 S. W. (2d) 51, that the trial judge may, after the thirty day period originally allowed for filing exceptions has expired, if his court is still in session, allow defendant additional time, but in that case the condition that the term had not expired was distinctly recognized. In Humphreys v. State, 166 Tenn. 523, 64 S. W. (2d) 5, it was held that after a bill of exceptions has been signed and the court has adjourned, nothing can be added to or taken from it, this holding not being directly in point, but sustaining the same principle. And see to the same effect Scopes v. State, 152 Tenn. 424, 278 S. W. 57; State v. Dalton, 109 Tenn. 544, 548, 72 S. W. 456; Shaw v. Shaw, 152 Tenn. 360, 363, 277 S. W. 898.

"The rule hereinbefore invoked which permits the court to look to errors of the trial judge in passing upon evidence or in his charge cannot be applied when it appears that the time limitations prescribed by statute upon the filing of the bill of exceptions have not been observed. In such case the court cannot look to the contents of the bill of exceptions at all, even for the purpose of acting upon errors appearing on the face thereof."

Scopes v. State, 152 Tenn. 424, 428, 278 S. W. 57, 58, is directly in point where it was held: "In his discretion the trial judge restricted the time for filing a bill of ex-

ceptions to 30 days after July 21st, as appears from an order of that date and thereupon adjourned his court. The time in which a bill of exceptions might be authenticated thus became fixed. The discretion of the court in the matter had been exercised and exhausted. Upon the expiration of the 30 days the authority of the judge in the matter ceased. He could not on September 14th, 55 days after adjournment, sign a bill of exceptions or change his former order respecting same. Such an act was at that time beyond his jurisdiction.''

Let the motion to strike the bill of exceptions be sustained.

■ To pass upon the assignments of error, we must consider the evidence. Since there is no bill of exceptions to which we can look, the evidence is not before us. That being true, we must conclusively presume that the decree of the Chancellor was sustained by the evidence. Code, Section 10622.

All assignments of error are overruled and the decree of the Chancery Court is affirmed with interest and costs. A decree will be entered in this Court accordingly against N. W. Russell and the sureties on his appeal bond.

Felts and Howell, JJ., concur.

On.Petition to Rehear.

HICKERSON, J. ■ This cause was tried before the Chancellor upon oral testimony pursuant to the provisions of Code, Section 10564, as amended, the written stipulation of counsel so to do being filed in the record. It was, therefore, tried according to the forms of chancery and must be reviewed in this Court de novo. Watkins, Trustee, v. Sedberry, 155 Tenn. 148, 290 S. W. 970.

The bill of exceptions was stricken from the record upon motion of appellee. We held that we must consider the evidence to determine the assignments of error; and since the evidence was not preserved so we could consider it the decree of the Chancery Court was affirmed. Code, Section 10622.

By petition to rehear appellant challenges that conclusion of the Court and urges:

1. That the Chancellor filed a Finding of Facts, which became a part of the technical record; such finding constituted the facts of the case; the evidence was not open to review in this Court, but such findings must be accepted as the only and ultimate facts in this case; and, therefore, no bill of exceptions was necessary.

2. That certain errors which were assigned by him questioned the conclusions of law reached by the Chancellor upon the facts as found by him; and that these assignments of error should be determined without the necessity of reviewing the evidence.

Appellant contends that the question which he presents for our determination is governed by Code, Section 8811, and the decisions of our Supreme Court which construe that Code Section. We do not think so. Code, Section 8811, applies to law cases and not chancery cases.

To determine the question which appellant presents by his petition to rehear, we must construe several code sections together, which we shall now do.

Code, Section 9036: "In a matter of equity, how tried on appeal.—Either party dissatisfied with the judgment or decree of the circuit or chancery court, in a matter of equity tried according to the forms of the chancery court, may appeal to the supreme or appeals court, and have a

re-examination, in that court, of the whole matter of law and fact appearing in the record.''

■ Since this case was tried according to the forms of chancery the decree would, ordinarily, be reviewed de novo in this Court under this statute. A broad appeal was prayed from the decree of the Chancery Court so the case would be open to review in this Court upon the pleadings and evidence in the same manner as if it were being tried in the Chancery Court.

The Acts of 1925, chapter 100, section 12, provides: ''In all cases tried on the facts in a Chancery Court and afterwards brought for review to the Court of Appeals, both the Chancellor and the Court of Appeals shall, to the extent that the facts are not stipulated or are not concluded by the findings of a jury, make and file written findings of fact, which shall thereupon become a part of the record.''

In Edington v. Kreis-Keener Shoe Co., 153 Tenn. 323, 330, 283 S. W. 987, 989, the Court said: ''This provision of the act is clear and unambiguous, and precludes the appellate courts from passing upon any questions of fact that the chancellor was not requested to find, or that he did not, in fact, pass upon.''

This opinion was filed at the September term of the Supreme Court, 1925.

Apparently to meet that decision of the court the legislature of 1927 by Chapter 68, Section 1, amended Section 12 of Chapter 100 of the Acts of 1925 by adding thereto the following: ''The Court of Appeals shall not be limited to the consideration of such facts as were found or requested in the lower court, but it shall independently find and consider all material facts in the record, and either party, whether appellant or not, may assign error

on the failure of the Chancellor to find any material fact, without regard to whether such facts were found or were requested in the lower court. This shall not apply to any case tried before court on oral testimony."

That provision of Section 12 of the Acts of 1925, Chapter 100, quoted above, as amended by Acts of 1927, Chapter 68, Section 1, was brought forward into the Code under Section 10620 with only one modification. The last sentence in the amendment which reads, "This shall not apply to any case tried before court on oral testimony," was changed in Code Section 10620 to read, "This shall not apply to any case tried in the chancery court upon oral testimony."

Pursuing the same general trend of legislation on this subject the legislature of 1929 passed Chapter 94, which provides in Section 1: "That in all cases taken by appeal or otherwise to the Court of Appeals to (from) any trial court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the trial court was without a jury, but there shall always be a presumption of correctness in the appellate court as to the judgment of the trial court where the material evidence is nearly evenly balanced. The transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions."

The foregoing statutes were construed in Hibbett v. Pruitt, 162 Tenn. 285, 36 S. W. (2d) 897, 898, where it was held that the Court of Appeals must make a finding of facts in all chancery cases, and not simply treat the Chancellor's finding as conclusive, in equity cases "'where the material evidence is nearly evenly balanced.'"

The first sentence of Section 1, Chapter 94, Acts of 1929, was interpreted to apply to appeals from courts of law; and the second sentence which reads that "the transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions," applied to appeals from the Chancery Court or a law court in cases tried upon oral testimony.

In Fonville v. Gregory, 162 Tenn. 294, 36 S. W. (2d) 900, 902, it was contended that cases tried in the Chancery Court pursuant to Chapter 119 of the Acts of 1917, Code Section 10564, were controlled by the provisions of Chapter 94 of the Acts of 1929 and that a motion for new trial was necessary to have a review in the Court of Appeals. The Supreme Court refused to accept that view and held: "We conclude, therefore, the provision that 'the transcript before the Court of Appeals in cases tried in any lower court upon oral testimony must contain motion for new trial and bill of exceptions' was designed to clear up the practice rather than to change the practice. The enactment is declaratory of the practice, not alternative. The regulation as to the contents of the record for the Court of Appeals insures proper practice below. The effect of the regulation is to secure a bill of exceptions in every chancery case tried on oral testimony, of which a review is sought, and a motion for new trial in every such case, not tried by consent of parties 'expressed in writing,' according to the provisions of chapter 119 of the Acts of 1917."

The practice was again changed and required new construction when the legislature enacted the Code of 1932, Section 10622 of which provides: "In all cases taken by appeal or otherwise to the court of appeals from any

lower court, the hearing in said appellate court shall be de novo, upon the record from the court below when the hearing in the lower court was without a jury, but there shall always be a presumption in the appellate court as to the correctness of the judgment or decree of the lower court, unless the evidence preponderates against the judgment or decree. The transcript before the court of appeals in cases tried in any lower court upon oral testimony must contain a motion for new trial and bill of exceptions.''

■ As the statutory law now stands, these Code Sections (Code 1932, Sections 9036, 10620, and 10622) were construed in McCalla v. Rogers, 173 Tenn. 239, 243, 116 S. W. (2d) 1022, 1024, where the Court held: ''Upon a careful consideration of the statutes involved we find, and it does not seem that the Court of Appeals holds to the contrary, that it is obligatory upon the Court of Appeals in causes tried according to the forms of chancery to re-examine the law and facts as provided by Code, Sec. 9036, and upon such review, unless the Court of Appeals finds that the evidence preponderates against the finding of the chancellor, his decree shall stand.''

The concluding sentence of Code, Section 10620, provides: ''This shall not apply to any case tried in the chancery court upon oral testimony.'' We do not think this sentence was intended to defeat the strong, oft repeated legislative intent which is expressed in the Code Sections to which we have referred, and the decisions of our Supreme Court construing them. The intention of the legislature was to require the Chancellor to make and file a written finding of facts in all cases which he tried according to the forms of chancery. Upon review of his decree based upon these facts the Court of Appeals was

required to consider all the evidence independently and find all material facts in the record. The purpose of these requirements was to relieve the Supreme Court from reviewing facts in cases tried according to the forms of chancery upon which the Chancellor and the Court of Appeals concurred. Since the instant case was tried according to the forms of chancery the proviso that the Court of Appeals should not review the facts in this case independently, because the case was tried on oral testimony, would not apply.

Now we return to the original question: Are the facts found by the Chancellor conclusive in this case so as to preclude the Court of Appeals from reviewing the evidence? We think not.

Gibson's Suits in Chancery (Higgins and Crownover), Section 1269d, provides:

"3. Duty of Court of Appeals to Find the Facts in All Causes. It is the duty of the Court of Appeals to find the material facts of a cause before it for review. Notwithstanding elaborate findings by the Chancellor it is still the duty of the Court of Appeals to examine the testimony and reach its own conclusions as to the facts; and this whether there was or was not a special request for other or additional findings presented to the Chancellor. This obligation rests upon that court in all causes heard according to the forms prevailing in Chancery Courts, whether upon deposition or upon oral testimony. This was so ruled notwithstanding the last sentence of Code, Section 10620, to the effect that the provision as to requests for additional findings shall not apply to any case tried upon oral testimony."

In Cox v. Farley, 15 Tenn. App. 344, 351, the Court said: "A motion was entered by the complainants to strike

the bill of exceptions in each case. This motion is based upon the theory that as the Chancellor made a full finding of facts and incorporated the same in his decree, no bill of exceptions was necessary. This is an erroneous conception of the law. The Chancellor's finding of facts, provided by Chapter 100, Public Acts of 1925, does not operate as did a finding of facts made by a circuit judge in a case tried without a jury, where requests for such finding of facts was made by him before the trial.''

In Simpson v. Harper, 21 Tenn. App. 431, 435, 111 S. W. (2d) 882, 884, this Court, in an opinion by Presiding Judge Faw, stated: ''It will be observed that there is no assignment of error directed specifically to the chancellor's findings of facts. The complaint is that the judgment of the court is not supported by the evidence. The 'judgment of the court' was that the attachment be dissolved, the complainant's bill dismissed, and the complainant and his surety taxed with the costs. However, in the disposition of the assignments of error, we are not limited to such facts as were found by the chancellor, but it is our duty to consider all material facts in the record. Code, Sec. 10620.

''If, under applicable principles of law and equity, the 'judgment' of the chancery court is supported by the preponderance of the evidence in the record, the judgment will be affirmed, whether this court agrees with the fact findings of the chancellor or not.''

█ This Court must examine all the evidence and file a written finding of facts in which it may: (1) concur in the findings of the Chancellor; (2) refuse to concur in the findings of the Chancellor; or (3) find additional facts which were not found by the Chancellor. This review of the entire record, including the facts, is made by this

Court not only to give the Supreme Court the benefit of our findings of fact, but to see if the decree of the Chancery Court is justified under all the facts appearing in the record. If that decree is justified under all the facts in the record, this Court will not reverse the decree because the Chancellor based his decree upon an erroneous conclusion by him of law or fact.

■■ We hold the rule in this State to be that this Court must review all the facts in cases tried according to the forms of Chancery and if all the facts support the decree of the Chancellor that decree must be affirmed. We are not confined to the facts found by the Chancellor. To review the facts where a case is tried on oral testimony the evidence must be preserved by a bill of exceptions. There was no bill of exceptions in the instant case.

Of course, we do not mean to hold and do not hold that assignments of error based strictly upon the technical record would not be reviewed in this Court without a bill of exceptions where no facts were involved. But here we have a different question. All of the assignments allege errors of law which are based upon the findings of fact by the Chancellor. Such assignments can only be reviewed by this Court upon a consideration of all the evidence.

Upon a fuller and more careful consideration of the question presented by the petition to rehear, we have no doubt that the conclusions which we reached in our original opinion are correct. Let the petition to rehear be denied at the cost of petitioner.

Felts and Howell, JJ., concur.