ALEX BEATY v. PORTER HOOD and GERTIE HOOD.—306 S. W. (2d) 671.

Middle Section at Nashville. March 1, 1957.

Petition for Certiorari Denied by Supreme Court July 29, 1957.

Reagan, Neal & Cravens, Jamestown, for complainant.

A. R. Hogue, Jamestown, for defendants.

I

SHRIVER, J. The complainant filed a bill in the Chancery Court against the defendant Porter Hood and wife, Gertie Hood, seeking to set aside an alleged conveyance of a one and one-half ton GMC truck on the ground that said vehicle had been fraudulently conveyed to Gertie Hood by her husband, Porter Hood, to hinder, delay and defraud creditors. Complainant alleged that he was creditor of Porter Hood at the time of the said conveyance.

The bill also sought an attachment of said truck and prayed that same be sold in satisfaction of a judgment at law previously obtained by complainant against defendant Porter Hood.

A demurrer to the bill was overruled by the Chancellor and the defendants then answered denying the material allegations of the bill.

A supplemental bill was filed seeking to hold the defendants in contempt of court and this was disposed of by the Court at the trial on the merits.

The cause was heard before Chancellor A. F. Officer at the regular September 1956 term of Court, on oral and documentary testimony, without the intervention of a

jury, but according to the rules of Chancery practice, pursuant to written agreement of the parties.

The Chancellor dismissed the complainant's bill on the ground that the allegations thereof were not sustained by the proof.

Thereafter, the complainant in due season appealed to this Court and assigned errors.

## II

### Assignment of Errors

There are six assignments of error, four of which complain of the action of the Court in dismissing complainant's bill on the facts shown in the record.

The fifth assignment asserts that because of the failure of defendant, Gertie Hood, ''To have a lien or some instrument of security registered with the Title and Registration Department according to law, she could not assert any claim to the 1953 GMC truck belonging to the debtor Porter Hood''.

The sixth assignment complains that the answer of the defendants is so evasive that it cast the burden of proving the bona fides of the transaction on the defendant.

## III

The final decree of the Chancellor recites that the cause was heard before him on the pleadings, oral and documentary evidence offered in open Court, without the intervention of a jury, and according to rules of chancery practice by written agreement of the parties, and the entire record in the cause.

The decree then proceeds as follows:

"From all of which it satisfactorily appears to the Court that the allegations in the bill that the conveyance from the defendant, Porter Hood to his wife, Gertie Hood, co-defendant, of the 1953 Model GMC truck is fraudulent, are not sustained by the proof and that the relief sought by the decree is not warranted by the evidence.

"It is, therefore, ordered, and adjudged and decreed by the Court that complainant's bill be dismissed at his cost and for the collection of which execution is awarded, except that cost incident to the petition for contempt filed against the defendants."

The record before us consists of the technical record plus some exhibits and a bill of exceptions in narrative form which omits the testimony of several witnesses, apparently by agreement of counsel, on the theory that their testimony was not material to the issues involved here.

The statements contained in the bill of exceptions giving only the substance of the testimony of the parties and certain witnesses are very meager and incomplete, nevertheless, we are asked to reverse the Chancellor on questions of fact.

Section 27-303, T. C. A., provides for a hearing de novo of all cases on appeal to this Court where tried in a Court of record without the intervention of a jury.

It further provides, in all such cases the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court, accom-

panied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise.

In McCalla v. Rogers, 173 Tenn. 239, 116 S. W. (2d) 1022, it was held that this section is to be construed in pari materia with Secs. 27-113, 27-301, and it is obligatory upon the Court of Appeals in chancery cases to reexamine the law and the facts, but unless the court finds that the evidence preponderates against the chancellor's findings, his decree stands. Also see Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854.

Thus, where it is apparent on the face of the record that the bill of exceptions omits any evidence on which the trial Judge may have acted, the presumption of the correctness of his findings of facts becomes almost conclusive and, under such circumstances, this Court will not reverse on the facts except for manifest error.

Complainant obtained a judgment in the Circuit Court against the defendant Porter Hood for $339.34 and, after an execution was returned nulla bona, he filed the bill in this cause to subject a certain truck to attachment and sale to satisfy said judgment.

A copy of an application for a certificate of title on the truck was filed and appears to be in the name of Gertie Hood, said application being dated April 7, 1955, but it does not show from whom title was acquired, nor any other fact which would shed light on the question presented here. The aforementioned judgment in the Circuit Court was entered Feb. 8, 1956, trial having been had in the case at the December term 1955.

Mr. Beaty, the complainant, testified that he had seen Porter Hood in possession of, and driving the truck in question and that it still remained in his possession.

Complainant also filed as an exhibit to the cross-examination on the defendant Mrs. Hood, a decree of the Chancery Court in another cause styled W. H. Norman v. Porter Hood and General Motors Acceptance Corp., wherein the truck in question here was ordered sold to satisfy a judgment in the Chancery Court, said judgment having been obtained by the complainant therein against the defendant Porter Hood. However, it is to be noted that the defendant Mrs. Gertie Hood was not a party to that litigation and, although she filed no claim of ownership of the truck in said cause, her rights therein were not adjudicated and the decree therein could not settle her rights, if any, in the truck.

The above is the sum and substance of the testimony on behalf of complainant.

On the other hand, both defendants testified that the truck in question belonged to the defendant Gertie Hood. Mrs. Hood testified that she had been earning $80 a month and that she had owned a 1948 model GMC truck which was traded in on the truck in question here.

She filed as exhibit to her testimony, a copy of a certificate of registration issued by the State of Tenn., which was dated April 7, 1952. Said certificate of registration showed a model 48 GMC truck registered in the name of Mrs. Gertie Hood.

Mrs. Hood testified that she had owned the truck in question here for a long time before the judgment was obtained against Porter Hood in Circuit Court. She

further testified that she had traded in the 1948 truck above mentioned on the truck involved here and had also put a $300 motor in the truck and had paid the license fee on it. However, she stated, further, that the truck was in possession of Porter Hood and was being used by him.

Porter Hood testified that he was not the owner and had no interest in said truck although he had been in possession and had been using same.

It is not clear from this record that the defendant Porter Hood ever, at any time, transferred the truck in question to his wife Gertie Hood, and, certainly, it is not shown that title to the 1948 truck, which was in her name as early as 1952, was transferred by her to her husband, or that there was anything fraudulent about such ownership. It is not disputed that the 1948 truck was traded in on the one attached in this proceeding and it is not shown how the title was taken to the truck involved here when the trade was made.

We agree with the principles of law insisted on by counsel for appellant but we are unable to apply them in the case at bar in view of the record before us. This is true both as to the rules governing voluntary conveyances and the Motor Vehicle Title and Registration Law —T. C. A. sec. 59-101 et seq.

Sec. 59-324, T. C. A. provides that liens be noted on the title certificates of motor vehicles, and subsequent sections provide that such notation is constructive notice and that liens or incumbrances are not valid against subsequent creditors or encumbrancers (except a lien dependent on possession and except where actual notice

is had), unless the requirements of these sections be complied with.

Since the record here, in its incomplete form, does not enable us to determine whether or not these statutory provisions have been complied with, and to what extent they affect the issues to be determined, we must assume that the Chancellor correctly found the facts and applied the law.

On the whole, we are convinced that on the record before us, we would not be justified in holding that the preponderance of the evidence is against the Chancellor's finding. He saw these witnesses face to face, heard them testify and had first-hand knowledge of the situation as it existed at the time. He appraised the worth and weight of all the testimony offered and concluded that there was not sufficient evidence to sustain the bill. We concur in this conclusion of the Chancellor.

It results that all assignments of error are overruled and the judgment of the Chancery Court is affirmed with costs.

Affirmed.

Felts and Hickerson, JJ., concur.