# HULA C. ARRANTS, etc. v. SWEETWATER BANK AND TRUST COMPANY.—404 S.W.(2d) 253.

Eastern Section. November 30, 1965.

Certiorari Denied by Supreme Court April 18, 1966.

632

Moon, Harris & Dineen, Chattanooga, for appellant, Hula C. Arrants, etc.

Frank N. Bratton, Athens, and Arthur M. Fowler, Loudon, for appellee, Sweetwater Bank & Trust Co.

COOPER, J.   Hula C. Arrants, through her conservators, brought suit against the Sweetwater Bank and Trust Company, alleging that the Bank's vice-president had fraudulently misappropriated stocks and bonds belonging to complainant, had charged her checking account with payments of fictitious notes and interest, and had diverted and transferred specified sums of money to himself or to others.

The questioned transactions occurred during the period 1951 through 1957, the primary ones, as set forth in the bill, being: (1) a deposit of $720.00 in cash and $12,000.00 in United States Government Bonds to secure payment of child support owed by William Arrants, Jr., the son of the complainant; (2) deposit by the complainant of stocks and bonds of a value in excess of $70,000.00, under a trust agreement dated May 7, 1954, and the liquidation and payment of funds from the trust under authority of instruments dated July 7, 1954, and November 22, 1954; (3) $348.00 for payment of checks drawn by William H. Arrants, Jr. and paid from funds belonging to complainant; (4) $1620.00 paid from complainant's checking account for use and benefit of her grandchild; (5) $4,000.00 allegedly paid to the bank on the representation that it was required for payment of expenses incurred in the various transactions between the parties; and (6) payment of notes in the amount of $11,000.00 and $6,563.81, which allegedly were not debts of the complainant.

Complainant sought a money judgment against the Bank equal to the market value of the securities from the date of the alleged conversion, plus interest and dividends, as well as for the specific items charged against complainant's bank account, and demanded a jury to try the issues of fraud and the alleged lack of mental capacity on the part of complainant on the dates of the listed transactions. The complainant also asked for a complete accounting of all financial dealings between complainant and the bank from June 20, 1951, to March, 1957.

The Chancellor separated the issue of mental capacity of complainant from that of fraud and undue influence, submitting the first issue to a jury, and referring the latter to a special master for determination. The special master also was instructed to report his findings on whether or not the Bank was indebted in any amount to the complainant.

On trial, the jury found that Hula C. Arrants was of sound mind. No report was made as to her mental condition of the dates when the listed transactions occurred.

The special master, in his report and/or supplemental report, found that no fraud or undue influence had been exerted on Mrs. Hula Arrants except as to the bonds and cash deposited to secure payment of child support. The master pointed out, in his report, that this matter had been litigated in the cause styled ''William H. Arrants, Jr., Etc., Et Al v. Sweetwater Bank and Trust Company, Et Al'' and that the bank had satisfied the judgment awarded against it. (The record in the suit referred to by the Master has been made a part of the record in this cause.)

The special master further found that Sam Pickel, the bank vice-president, had cashed $2000.00 in bonds belong-

ing to complainant and had appropriated the money to his own use; that the bank, however, had paid the loss to complainant.

The master then reported that the Bank was not indebted to the complainant in any amount.

Numerous exceptions were filed to the Master's Report and supplemental report. The Chancellor overruled the exceptions and confirmed the Master's Report, awarding the Master a $2500.00 fee to be taxed as costs. All costs were then adjudged against the Bank. Both parties appealed.

On appeal, the complainant insists that the Chancellor's action in separating the issue of complainant's mental capacity from the issue of fraud and undue influence was error in that it destroyed her statutory right to a jury trial.

T.C.A. 21-1011, on which complainant relies, provides that:

"Either party to a suit in chancery is entitled, upon application, to a jury to try and determine any material fact in dispute, save in cases involving complicated accounting * * * and those elsewhere excepted by law or by provisions of this Code, and all the issues of fact in any proper case shall be submitted to one jury."

It is recognized that, under the above statute, "the Chancellor may refuse to submit issues that are of a complicated and intricate nature, that is, such as the Chancellor himself, because of peculiar equitable rules or other requirements, may determine. He may submit some issues and reserve others. But this action is subject to review. He must not thereby deprive a litigant of the right

to have the substantial disputes as to matters of fact passed upon by the jury." Sec. 578 of Gibson's Suits in Chancery, 5th Edition, p. 637; See also Sec. 582.

In the present case, the pleadings and the subsequent proof introduced before the special master show that the issues of fraud and undue influence could not be determined without testimony of, and a detailed inspection of, the myriad and complicated day-by-day transactions between complainant and the bank over a 7 year period, and without the full accounting expressly prayed for by the complainant. On the other hand, the issue of mental capacity of the complainant was one that could be presented in a simplified form to the jury.

Under these circumstances, we see no error in the Chancellor separating the issues and submitting the complicated and intricate one to a special master.

Complainant also insists that the Chancellor erred in denying her motion for a continuance of the jury trial. The grounds for the motion were that two material witnesses failed to appear for the taking of a discovery deposition, though subpoenaed, and that a third had refused to answer material questions during the taking of his discovery deposition.

We find no merit in this assignment. First, the complainant has not complied with the rules of this court by setting forth the pages in the bill of exceptions or record where evidence of such motion and ruling can be found. See Rule 11(3), T.C.A. Vol. 1, Supplement p. 87. Second, the granting or denial of a motion for continuance rests in the sound discretion of the Chancellor, and his action will not be disturbed by this Court unless there is a showing of an abuse of discretion. Estep v. State, 183

Tenn. 325, 192 S.W.(2d) 706; Greyhound Lines v. Patterson, 14 Tenn.App. 652. There was no such showing in the present case, nor is it even suggested in appellant's brief.

■ Complainant has assigned as error a second ruling which rests in the sound discretion of the Chancellor, i. e., the Chancellor's denial of a motion to amend the original bill. The motion in question was made 35 months after the original bill was filed, after the jury trial, and after the cause had been submitted to the master and he had heard proof. We see no abuse of discretion in denying the amendment under the circumstances. Phoenix Insurance Co. v. Jordan, 28 Tenn.App. 11, 184 S.W.(2d) 721.

■ The complainant, in his assignments of error, takes the position also that the Chancellor's concurrence with the Master's report was based, in part, upon the consideration of exhibits not introduced in evidence, and that this was error.

On this point, the record shows that the Chancellor called a "post trial conference", during which the Chancellor stated some of the "problems on which he was seeking more light." Information was informally supplied on these issues, copies going to counsel for the complainant.

The Chancellor, on petition by complainant, re-submitted the cause to the special master to hear testimony relative to reports by the State Bank Examiner and a firm of certified public accountants who had audited the bank's books, and to introduce formally the information submitted to the Chancellor. The Chancellor also asked for "the development of proof on sources of memorandum used by W. C. Adams (in the course of his testi-

mony) * * * [and which] was submitted to the court in memorandum form.''

In view of the re-submission of the cause to the special master for the taking of additional proof, we see no error in the action of the Chancellor, but are of the opinion that he is to be commended for going the ''other step of the way'' in an effort to protect the rights of a person who claimed to be under a disability.

The complainant insists, in brief, that the Master failed to report on the development of proof on sources of the memorandum used by Mr. Adams, as instructed by the Chancellor, and that, as a consequence, the Chancellor erred in confirming the special master's supplemental report. We see no merit in this insistence. The special report of the Master shows that W. C. Adams was called as a witness and testified relative to the memorandum, which was made an exhibit to the record. Based on this testimony, the Special Master noted in his report that:

''It further appears from the proof and exhibits that the items referred to in the memorandum filed as Exhibit I to the deposition of W. C. Adams have all been accounted for.

Dep. W. C. Adams
Direct Examination,
Page 3, 4, 5, 6 and 7.''

From our reading of the record, we think the above is a sufficient compliance by the Special Master with the instructions of the Chancellor.

In assignment X, the complainant insists that the Chancellor erred in (1) failing to shift ''the burden of

proof to the bank for a complete explanation of the conduct of its affairs with Mrs. Arrants,'' after the Master had found that ''some fraud had been practiced upon complainant,'' and (2) in failing ''to require the defendant to have accounted in its answer, as prayed in the original bill.''

We find no merit in either facet of this assignment. The record shows that the bank was required to and did give a full accounting of the transactions between it and the complainant, and that, as a result, the Master found specifically that the Bank was not indebted in any amount to the complainant. The Chancellor concurred in this finding, but only after he had ''read and studied the entire record, including the pleadings, proof and exhibits.''

As to the insistence that the Chancellor erred in failing to require the defendant to account to complainant in its answer to the original bill, suffice it to say that defendant plead the salient facts on which its defense was based, and that any more complete detail was precluded by the number and complexity of its transactions with complainant.

The remaining three assignments of error, numbers three through five, are directed to matters that occurred during the jury trial on the issue of complainant's mental capacity. Defendant has filed a motion to strike the bill of exceptions, on which these assignments are based, on the ground that it was filed too late.

T.C.A. 27-111 provides that: ''In all cases tried in the * * * chancery, or any other court of record, either party may file a bill of exceptions or wayside bill of exceptions * * *, without any special order of court, pro-

vided the bill of exceptions or wayside bill of exceptions is approved by the court and filed *within thirty (30) days from the entry of the order or action of the court which occasioned the filing of said bills of exceptions.* (emphasis supplied) The * * * chancellor may within the aforesaid thirty (30) day period * * * extend the time for filing said bills of exceptions for not exceeding an additional sixty (60) days. * * *'' The time requirement set forth in this statute is mandatory, (Fletcher v. Russell, 27 Tenn.App. 44, 177 S.W.(2d) 854), and, if not complied with, the bill of exceptions will be stricken and it will be conclusively presumed that the decree of the Chancellor was sustained by the evidence. Morrell v. Republic Fire Ins. Co., 168 Tenn. 137, 76 S.W.(2d) 317; Fletcher v. Russell, 27 Tenn.App. 44, 177 S.W.(2d) 854; Sheffield et al. v. Franklin et al., 32 Tenn.App. 532, 222 S.W.(2d) 974.

''The order or action of the court which occasioned the filing of the bill of exceptions'' in the present case was the order overruling complainant's motion for a new trial on the jury issue, which was entered on April 28, 1961. The bill of exceptions was authenticated and filed on February 23, 1965, approximately 49 months after the entry of the order overruling the Motion for a New Trial. This was too late, and, as a consequence, we must sustain the motion to strike the bill of exceptions, and overrule the assignments based thereon.

The defendant Bank's only assignment of error questions the action of the Chancellor in adjudging all costs, including the fee of the Special Master, against the Bank.

T.C.A. 21-1302 provides for the adjudication of costs in the chancery court upon final decree ''against whom the court shall adjudge them, according to its discretion.''

■ The taxation of costs by the Chancellor will not be disturbed on appeal where no clear abuse of discretion is shown. Savage v. Neal, 151 Tenn. 70, 268 S.W. 375; American Bank & Trust Co. v. Lebanon Bank & Trust Co., 28 Tenn.App. 618, 192 S.W.(2d) 245.

■ In the present case and in the case of William H. Arrants, Jr., etc., et al. v. Sweetwater Bank and Trust Co. et al. decided while the present case was pending and made a part of the record in this cause, there was a showing that the defendant Bank, through its employees, had handled trust funds deposited by the complainant in a manner that resulted in loss to her. Even though these losses were "made good" by the Bank, the fact that they existed justified, in our opinion, the complainant demanding and having a full accounting of all transactions between the parties. We see no abuse of discretion in the action of the Chancellor requiring the Bank to bear the cost of the Special Master and the court costs incurred in the course of the accounting.

Defendant Bank's assignment of error is overruled.

The decree of the Chancellor is affirmed. Costs incident to the appeal are adjudged against the complainant and her surety.

McAmis, P.J., and Parrott, J., concur.