Nancy W. SMITH, Appellee,

v.

Roy D. SMITH, Appellant.

Court of Appeals of Tennessee,
Middle Section.

March 24, 1972.

Certiorari Denied by Supreme Court
Aug. 7, 1972.

Joe P. Binkley, Jr., Nashville, for appellee.

Clarence O. Ingram, Nashville, for appellant.

## OPINION

SHRIVER, Presiding Judge.

This case was commenced in the Fourth Circuit Court of Davidson County on a "Petition for Registration" filed by Nancy W. Smith, a citizen and resident of Greensboro, North Carolina, against Roy D. Smith, a citizen and resident of Nashville, Davidson County, Tennessee, seeking to compel the defendant to continue support payments for the plaintiff and the minor children of the parties, as decreed by the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina, in a divorce action.

The Petition for Registration avers:

"As of March 15, 1971, there are eight (8) months of house notes remaining unpaid at the rate of $95.00 per month for a total of $760.00," and

"There are no other states other than North Carolina in which this support order is registered.

WHEREFORE, plaintiff prays that the foreign support order be registered in this Court for the purpose of enforcing same against the defendant."

The record before us contains the following order:

### "ORDER

This cause came on to be heard on the 14th day of April, 1971, before the Honorable Benson Trimble, Judge of the Fourth Circuit Court for Davidson County, Tennessee, on plaintiff's petition to register a foreign support order as per Tennessee Code Annotated § 36–929, wherein the Court is of the opinion that the petition should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the foreign support order of the Superior Court of Guilford County, North Carolina, here to the Court shown, be and is hereby registered in the Fourth Circuit Court of Davidson County, Tennessee,

with all the interest, rights and responsibilities of a domestic support order.

Entered this 14th day of April, 1971.

/s/ Benson Trimble
JUDGE

/s/ Joe P. Binkley, Jr.
Attorney for Plaintiff"

Thereafter, plaintiff filed a written motion for leave to amend the petition so as to pray that the defendant be ordered to appear in Court and show cause, if any he had, why he should not begin immediately to make support payments as ordered by the North Carolina Court and that her attorney of record be awarded a reasonable fee for services in this case.

Subsequently, plaintiff's "Petition to Enforce a Support Order" was filed, reciting that the order from the North Carolina Court had been duly registered in the Fourth Circuit Court of Davidson County on the 14th day of April, 1971, wherein the arrearage in payments under said order was set forth and seeking to have the defendant begin to pay, as required therein.

Said petition also recites that the defendant, Roy D. Smith, had failed to make these payments and as of April 15, 1971, he was in arrears in the amount of $855.00,

"WHEREFORE, plaintiff prays that the defendant Roy D. Smith, be ordered to appear before this Honorable Court and show cause, if any he has, why he should not begin to make immediate support payments as per the attached order."

By Fiat of Judge Benson Trimble issued April 14, 1971, the Clerk was directed to issue the order as prayed.

A motion of plaintiff for permission to present proof by interrogatories was filed May 18, 1971, and an order granting said motion was entered May 28, 1971.

Thereafter, a Memorandum Opinion was filed by Special Judge Earl McNabb reciting that the cause came on before the Court on June 16, 1971 on petition to enforce a support order of the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina, which was received and heard on April 14, 1971 before the Honorable Benson Trimble, Judge, and was registered in the Fourth Circuit Court of Davidson County, Tennessee, with all the entries, rights and responsibilities of a domestic support order, in Minute Book 70B, Page 456, Minutes of the Court:

"From all of which the Court finds that the support order from the forwarding state is in all things and matters confirmed and shall have the same effect and may be enforced as if originally in a Court of this state.

Decree accordingly this 22nd day of June, 1971.

/s/ Earl McNabb
Special Judge, Fourth Circuit Court, Davidson County, Tennessee"

Thereafter, the following order was entered:

"ORDER

This cause came on to be heard on the 16th day of June, 1971, before the Honorable Earl McNabb, Special Judge of the Fourth Circuit Court of Davidson County, Tennessee, on the plaintiff's petition to enforce a foreign support order from the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina. From the statement of counsel, testimony of witnesses and the entire record herein, it appears to the Court that the defendant must comply through this Court with the Decree of the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina, as confirmed, the same as if it were originally a Decree of this Fourth Circuit Court of Davidson County, Tennessee, and the defendant should thus begin to make immediate payments to the Home Federal Savings and Loan Association of Greensboro, North Carolina.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant will comply through this Court with the Decree of the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina, as confirmed, the same as if it were a Decree in this Court, and the defendant will thus begin to make immediate support payments to the Home Federal Savings and Loan Association of Greensboro, North Carolina.

To which Order of the Court, the defendant respectfully excepts and prays that he hereby be granted an appeal and is allowed thirty (30) days in which to perfect his appeal.

Enter this 22nd day of July, 1971.

/s/ Earl McNabb
————————————
Special Judge

/s/ Joe P. Binkley, Jr.
————————————
Attorney for Plaintiff

————————————
Clarence Ingram, Attorney for Defendant"

Pursuant to said decree a Narrative Bill of Exceptions was filed with the Circuit Court Clerk on October 19, 1971, and said Bill of Exceptions, signed by counsel for the parties and dated October 19, 1971, was signed by Earl McNabb, Special Judge.

■ A decree dated September 2, 1971 granting sixty days additional time in which to prepare and file a Bill of Exceptions recites that the final decree in the cause was entered on July 22, 1971. The order granting the extension was, therefore, beyond the jurisdiction of the Trial Judge and was of no force and effect. Section 27–111, T.C.A.

In Norris v. Richards, 45 Tenn.App. 100, 320 S.W.2d 730, it was held that an order purporting to grant an extension of twenty days in which to file and have approved a Bill of Exceptions, which order was entered more than thirty days after motions for a new trial were overruled, was inoperative and did not cure the defect.

See also Arrants v. Sweetwater B. & T. Co., 55 Tenn.App. 631, 404 S.W.2d 253, where it was held:

"Statutory requirement that bill of exceptions be approved by court and filed within thirty days from entry of order or action of court which occasioned filing of bill is mandatory and, if not complied with, the bill of exceptions will be stricken and it will be conclusively presumed that the decree of the chancellor was sustained by evidence."

Thus, we cannot consider the Narrative Bill of Exceptions filed in this cause.

– ASSIGNMENTS OF ERROR –

There are five assignments which we will consider in the order in which they appear in defendant's brief and argument.

■ Assignment No. 1 is as follows:

"It was error for the Trial Court not to strike words in the petition to enforce which were inconsistent with the foreign order as allowing the words cause an erroneous interpretation to be read into the foreign order."

In support of this assignment it is argued that the North Carolina decree does not state that the mortgage payments which are alleged to be in arrears were a part of the alimony and support payments decreed by the North Carolina Court and that it was error for the Court to refuse to strike the words in appellee's petition to enforce the support order as it pertained to these mortgage payments.

We do not agree with the contention of the defendant in this respect. A reading of the decree of the North Carolina Court shows unmistakably that the payments ordered in that decree were support payments for the wife and minor children. In the first paragraph in said decree it is stated that the cause is before the Court on

the motion for an order increasing the alimony and child support previously awarded in the case of Nancy W. Smith, plaintiff, vs. Roy D. Smith, defendant, and for an order requiring the defendant to pay a reasonable attorney's fee.

Other parts of the decree show that the payments in question were ordered so as to provide a home for the wife and children, said mortgage payments being on said home.

The final decree of the Fourth Circuit Court of Davidson County does not undertake to determine the amount of arrearage and other questions involved, but simply orders the defendant to continue to make these payments as decreed by the North Carolina Court. It results that Assignment No. 1 is overruled.

▪ Assignment No. 2 states:

"It was error for the Trial Court to confirm the foreign order which is ambiguous and over which the foreign Court retains its power to modify and change."

Chapter 9 of Tennessee Code is entitled "Reciprocal Enforcement of Support", and the purpose of the Chapter is expressed in Section 36–901, T.C.A., as follows:

"The purposes of this chapter are to [enforce] and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto."

Section 36–917, T.C.A., sets out the duties of the Courts of this State, acting as the responding State, requiring the Clerk of the Court to docket the cause and set a time and place for the hearing, notifying the respondent, etc., where copies of the decree from the initiating State are received. And Section 36–929, T.C.A., provides for the registration of the foreign support order and sets out the procedure to be followed to obtain jurisdiction of the person or property of the defendant. Subsection 5 thereof provides as follows:

"(5) The support order as confirmed shall have the same effect and may be enforced as if originally entered in the Court of this state. The procedures for the enforcement thereof shall be as in civil cases, including the power to punish the respondent for contempt as in the case of other orders for payment of alimony, maintenance or support entered in this state."

An examination of the order of the North Carolina Court and the steps taken by the Trial Judge in the Circuit Court of Davidson County demonstrate that the procedure set forth in our statutes was carefully followed and that there was no error in the order and decree appealed from.

We do not conceive that the retention by the North Carolina Court of the power to modify the support decree denudes the Tennessee Courts of the power to enforce the decree under our statutes. Assignment No. 2 is overruled.

▪ Assignment No. 3 states:

"It was error for the Trial Court to allow the petition to enforce before ordering confirmation of the foreign order."

We do not find any merit in this assignment and it is, accordingly, overruled.

▪ Assignment No. 4 states:

"The Trial Court erred in entering its decree of July 22, 1971 inconsistent with its Memorandum Opinion of June 22, 1971."

We do not interpret the decree of July 22, 1971 as being inconsistent with the Memorandum Opinion of June 22, 1971. However, even if it were, it would not be ground for reversal of the decree since the Court speaks only through its decrees. Assignment No. 4 is overruled.

Assignment No. 5 states:

"The Trial Court erred in allowing the introduction of a mere statement as interrogatory proof."

The final decree of July 22, 1971 states that the cause came on to be heard on the 16th day of June, 1971, before the Honorable Earl McNabb, Special Judge, etc., on plaintiff's petition to enforce a foreign support order _ _ _ and that: "From the statement of counsel, testimony of witnesses and the entire record herein, it appears to the Court that the defendant must comply through this Court with the decree of the General Court of Justice, District Court Division, Superior Court for Guilford County, North Carolina, as confirmed."

In the absence of a Bill of Exceptions, it does not appear that the Trial Court allowed the introduction of a mere statement as interrogatory proof and we must conclusively presume that there was evidence introduced as is indicated by the decree itself and that the evidence was sufficient to support the decree.

In support of the position taken by this Court in the case at bar, we call attention to the case of Hester v. Hester, 59 Tenn. App. 613, 443 S.W.2d 28, where it was said:

"Under public policy of Tennessee, accumulated amount due under foreign alimony decrees will be enforced in Tennessee to the same extent as decrees of Tennessee Courts, even to the extent of holding the respondent in contempt for failure to pay the entire sum."

From all of the foregoing it results that the assignments of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.

PURYEAR and TODD, JJ., concur.