IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 28, 2001 Session

## WADE ROBERTS AND SHARON ROBERTS v. EVERHART STEEL CONSTRUCTION COMPANY, INC.

**Direct Appeal from the Circuit Court for Hamilton County**
**No. 95-CV-2014     Hon. Samuel H. Payne, Circuit Judge**

**FILED NOVEMBER 27, 2001**

**No. E2001-00187-COA-R3-CV**

In this action for damages for personal injuries allegedly caused by defendant's negligence, a jury awarded damages. On appeal, we conclusively presume the Judgment is correct, because we cannot review all of the evidence heard by the jury.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Gerard M. Siciliano, Chattanooga, Tennessee, for Appellant.

David J. Ward, Chattanooga, Tennessee, for Appellees.

### OPINION

In this action for damages for personal injuries which resulted from a section of steel railing falling on plaintiff on a construction site, the jury returned a verdict for damages which was approved by the Trial Court. The defendant has appealed.

Defendant has raised the following issues:

1.  Whether the trial court erred in allowing the jury to establish a new construction industry standard without any expert testimony?

2.  Whether the trial court erred in finding that Everhart's actions were the cause of plaintiff's injuries?

3. Whether the jury's award of $200,000.00 based upon $1,500.00 in medical expenses was supported by the evidence?[1]

We are required to review the record to determine whether there is any material evidence to support the jury's verdict. Tennessee Rules of Appellate Procedure, 13(d). Questions of law are reviewed *de novo*. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

The parties agree that the issue of whether a person owes a duty of care to another is a question of law. *See McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 901 (Tenn. 1996).

It is appropriate in some cases to determine whether an established industry standard was breached. *Goodermote v. State*, 856 S.W.2d 715 (Tenn. Ct. App. 1993). The issues raised in this case, however, require us to review and evaluate all of the evidence heard by the jury. Our review reveals that the transcript does not contain all of the evidence heard by the jury. The testimony of several witnesses was not transcribed, nor were their depositions made exhibits to the record. As bears on the first issue in particular, the testimony of Vernon Brown and Roger Conley are not in the record.[2]

We cannot review all of the evidence and must conclusively presume that the Trial Court's Judgment is correct and supported by the evidence. *See Vaccarella v. Vaccarella*, 49 S.W.3d 307 (Tenn. Ct. App. 2001); *Edmundson v. Grisham*, 1999 WL 1101886 (Tenn. Ct. App. Oct. 6, 1999). It is the appellant's responsibility to provide a proper record and transcript of the evidence on appeal. *Nickas v. Capadalis*, 954 S.W.2d 735 (Tenn. Ct. App. 1997). *Also see: Sparkle Laundry & Cleaners, Inc. v. Kelton*, 595 S.W.2d 88 (Tenn. Ct. App. 1979); *Beaty v. Hood*, 306 S.W.2d 671 (Tenn. Ct. App. 1957).

Accordingly, we are constrained to affirm the jury verdict and Judgment of the Trial Court and remand, with the cost of the appeal assessed to appellant.

.

_____
HERSCHEL PICKENS FRANKS, J.

_____

[1]The jury assessed 55% of the fault for the accident to defendant, and 45% to the plaintiff, and the Trial Court entered judgment in the amount of $110,000.00 for plaintiff's personal injuries and medical expenses.

[2]Also, the transcript before us recites that Bruce Henderson, Ph.D. testified. Live testimony was heard, but is not in the record. Also, the testimony of Sharon Roberts was heard, and a portion of Wade Roberts deposition "was read". None of the foregoing evidence is in the record before us.